A. R. BALDWIN and J. H. POLLARD, Appellants, *v.*
WILLIAM KRAMER, Et Al., Respondents.

Where a judgment was entered in May, and a new trial granted in September
following, it was held, that after the expiration of a term of the District Court,
no power remains in it to set aside a judgment, or grant a new trial.

APPEAL from the Eleventh Judicial District.

Plaintiffs brought suit 24th December, 1851, against defendants for the possession of a tract of land, and for damages.

Kramer filed his answer January 2d, 1852, denying the charges in the complaint. On the 13th May, 1852, the cause was called for trial, the defendants not appearing, a jury was empanelled; the plaintiffs introduced their evidence; the case was submitted, and a verdict of restitution and 500 dollars damages was rendered, and judgment entered upon the verdict. On the 20th May, 1852, an execution issued, and the next day, the property of defendants was levied upon by the sheriff. After the property was advertised, defendants, on the 3rd August, 1852, paid the execution. On the 8th July, 1852, the defendants moved to set aside the judgment and for a new trial, which the Court overruled. On the 14th September, 1852, defendants repeated their motion, and the Court ordered the payment to be set aside, and granted a new trial; from which order plaintiffs appealed.

The affidavit of Kramer, defendant, to support his motion, stated that the cause had been tried in his absence and the absence of his attorney, and without their knowledge, and without evidence on their part; that during the time of the trial he was sick and unable to attend Court, or to procure testimony; that one of the plaintiffs falsely told him the cause had been dismissed, and misled him to believe that his attendance was unnecessary, and therefore did not prepare his defence, which he is informed he could successfully make.

Another witness swore that Pollard (plaintiff) had told him, that he had told Kramer that the trial was not coming on, and requested affirmant not to tell Kramer the fact that it would come

on. Another swore that Pollard had requested him to tell Kramer, that the suit would be discontinued; which he did tell him accordingly: and of this character were all the affidavits.

*Hurd* and *Wallace,* for plaintiffs.

*Thorn* and *Ward,* for defendants.

It is contended for the appellants, that the affidavits did not show that the judgment was unjust, or that the result would have been different, had the defendants been present at the trial with their witnesses; that they did not show any defence, or what evidence defendants could produce, nor state a single fact that could be proved by defendants upon a new trial. Rogers *v.* Herie, Cal. Rep. 429.

Respondents' brief is not on file.

HEYDENFELDT, Justice, delivered the opinion of the Court; with which MURRAY, Chief Justice, concurred.

This was an appeal from an order granting a new trial. The judgment was rendered in May, and the new trial granted at a subsequent term in September.

We hold, that after the expiration of a term of the District Court, no power remains in it to set aside a judgment, or grant a new trial. A different doctrine would lead to great uncertainty, and possibly to gross abuse. There must be a time when the rights of the parties are to be considered as determined, and for litigation to cease; and for this purpose the law has wisely fixed the rule here indicated.

Let the order be reversed with costs.