MORRISON, Administrator of RAMEREZ, Deceased, Appellant, *v.* DAPMAN & WEST, Respondents.

A court may, at any time, render, or amend, a judgment *nunc pro tunc*, where the record discloses that the entry on the minutes does not correctly give what was the judgment of the court.

But if there is record evidence to show that the judgment was different from the one entered, the latter must stand until reversed.

Nor will a court be permitted, after the lapse of a term, to open a judgment upon motion, and render a new judgment.

APPEAL from the Superior Court of San Francisco.

This was an ejectment for the 50 vara lot, No. 453, in San Francisco, and for $5000 damages for mesne profits. The deceased claimed to be seised of said lot, November 13th, 1843, and died so seised in January, 1844; the plaintiff is his administrator, and there is no other property of said deceased except his claim to this lot. The complaint set forth demand and refusal of possession, and the defendants' answer denies all the allegations of the bill, and claims title in defendants under the City of San Francisco.

The cause was placed on the calendar in March Term, 1852, and was continued, at the instance of plaintiff's counsel, in order to procure testimony (the defendants being ready for trial), until July Term, 1853; when the cause being called, and the plaintiff not ready, the cause was dismissed, on motion of plaintiff's

attorney, and judgment to that effect, and that "the defendants do recover their costs," was ordered to be entered by the court.

No allusion was made by either counsel as to the costs, nor was any instruction given by the court, but the clerk, after judgment was entered against the administrator, without the knowledge of defendants' counsel, added as follows: "and it is further ordered, &c., that said judgment be levied, and made of the effects of the said deceased in the hands of the said administrator unadministered." July 19, 1853.

Execution issued against the plaintiff, and a portion of the property of the plaintiff was sold, and the judgment satisfied.

Previous to the sale, plaintiff's counsel moved to set aside the said execution, and it was postponed for argument; after which the court refused the motion, and the sale took place, after due notice.

Subsequent to the sale, the plaintiff moved to set it aside, and vacate the certificate of sale given by the sheriff to the purchaser, and all proceedings; which was granted, and the court ordered the same to be set aside for irregularity.

Defendants' attorney then moved to amend the original judgment in the cause, by striking out that portion of it which directed the same "to be satisfied out of the estate of Ramerez, deceased, in the hands of the said administrator (the plaintiff), unadministered;" which motion was granted, and the court ordered that "the said judgment be revived, and stand entered against the said plaintiff and in favor of said defendants, for the said sum of $263 30, with costs, &c., and that the same be amended by striking from the same the final clause, that directs the said judgment to be levied of the effects of the said Pascal Ramerez, deceased, in the hands of his administrator unadministered; and that the said judgment, after striking out the said final clause, do stand as the judgment of the court. February, 1853."

Plaintiff appealed.

———, for respondent,

Cited 3 How. 16; 2 U. S. Dig. 656; 4 N. H. 115; 19 Johns. 244; 18 Johns. 502; 14 Johns. 219; 5 Taunt. 553; 1 Com. Law Rep. 284; 12 Mod. 245.

No brief on file for appellant.

In July, 1852, the Superior Court entered judgment, that the defendants recover their costs, to be levied *de bonis intestatis.*

In January, 1853, this judgment is opened and amended, so that the costs be levied *de bonis propriis.*

A court may at any time render or amend a judgment *nunc pro tunc.* But this power is confined to cases where the record discloses, that the entry on the minutes does not correctly give what was the judgment of the court.

If there is no record evidence, to show that the judgment was different from the one entered, the latter must stand as the judgment until reversed.

And although a court may thus at any time make the entry conform to what was the judgment rendered, it will *not* be permitted, after the lapse of a term, to open upon motion, and render a new judgment. Such a practice is too loose, and would give rise to too much uncertainty.

Judgment reversed.