*SUYDAM *et al.*, APPELLANTS, *v.* PITCHER  [280] & POOLE, RESPONDENTS.

[1] JURISDICTION, LOST ON ADJOURNMENT OF TERM. — The Court below loses all power over a cause in which it has rendered judgment, upon the adjournment of term, and cannot disturb its judgments, except in the cases provided by statute.

[2] WAIVER BY APPEARANCE OF ATTORNEY.—An appearance, by an attorney, at common law and by the express letter of our statute, amounts to an acknowledgment or waiver of service.

APPEAL from the Sixth Judicial District.

This cause was first decided in October Term, 1853, when Mr. Ch. J. MURRAY delivered the opinion of the Court, and Judges HEYDENFELDT and WELLS concurred.

Pitcher, one of the defendants in the Court below, was not served with process; but it appears that the attorney of his co-defendant, who was served, filed an answer for him also, and that the cause proceeded regularly to trial and judgment.

The Court below, upon motion and affidavits, vacated the judgment as to Pitcher, from which order the plaintiff appealed.

It is contended on the part of the respondents, that the District Court has power to correct and amend its own judgments, and that the Practice Act gives the additional power of relieving a party on application within six months, from the operation of a judgment or proceeding improperly taken against him.

---

[1] Cited in *Carpentier* v. *Hart*, 5 Cal. 407; *Shaw* v. *McGregor*, 8 Cal. 521; *De Castro* v. *Richardson*, 25 Cal. 52; *Casement* v. *Ringgold*, 28 Cal. 388.   See *Baldwin* v. *Kramer*, 2 Cal. 582; *Morrison* v. *Dapman*, 3 Cal. 255; *Robb* v. *Robb*, 6 Cal. 21; *Branzer* v. *Chevalier*, 9 Cal. 172; *Swain* v. *Naglee*, 19 Cal. 127; *Bell* v. *Thompson*, Id. 708; *Lattimer* v. *Ryan*, 20 Cal. 632; *Lewis* v. *Rigney*, 21 Cal, 273.

[2] Cited in *Holmes* v. *Rogers*, 13 Cal. 200; *Sampson* v. *Ohleger*, 22 Cal. 210.  See *Taylor* v. *Randall*, 5 Cal. 79.

We have already decided that the Court below loses all power over a cause upon the adjournment of term, and cannot disturb its judgments, except in cases provided by the statute.

This case forms no exception to the general rule.

An appearance entered by attorney, whether authorized or not, is a good and sufficient appearance to bind the party, except in those cases where fraud has been used, or it is shown that the attorney is unable to respond in damages.

[281]      *Mistake of counsel is never ground of error. The appearance of a licensed attorney and counsellor is *prima facie* evidence that he has been retained in the cause; and it would be a dangerous practice to afford litigants an opportunity of availing themselves of, or escaping from the judgments of Courts upon such a plea.

Upon a re-argument, at this term, Mr. Ch. J. MURRAY delivered the following opinion:

On the re-argument of this cause, our attention has been particularly directed to the 68th section of the Practice Act, under which the authority of the Court below is said to be exercised.

After an examination of this section, we see no reason to change the opinion already given.

An appearance by attorney, at common law and by the express letter of our statute, amounts to an acknowledgment or waiver of service.

Such cases are not within the section referred to.