HORACE W. CARPENTIER, Appellant, v. FRANCIS B. HART,
Respondent.

After the adjournment of the term, the Court loses all control over cases decided,
unless its jurisdiction is saved by some motion or proceeding at the time, ex-
cept in the single case provided by statute, where the summons has not been
served, in which the party is allowed six months to move to set the judgment
aside.

Where costs are imposed as a condition for re-opening a case after the adjourn-
ment of the term, the acceptance of the costs by the opposite party, will not
be construed into a consent to have the cause re-instated.

A party is not confined to his remedy by statute, but may resort to a Court of
Equity for relief against a judgment obtained by fraud or surprise.

APPEAL from the District Court of the Third Judicial District, Ala-
meda County.

The facts material to the points decided, appear in the opinion of the
Court.

*E. R. Carpentier*, for Appellant.

A judgment should not be set aside on motion, after the term of the
District Court has elapsed. Baldwin *v.* Kramer, 2 Cal., 582. Suy-
dam *v.* Pitcher, 4 Ib., 280. Judgments are never set aside on the
ground of surprise or excusable neglect, unless the party applying
shows an equitable, as well as a legal defense.

*John S. Chipman* and *A. Williams*, for Respondent.
No brief on file.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT,
J., concurred.

This is an appeal from an order of the Court vacating a judgment.

The motion on which the order was based was not made until after
the adjournment of the term at which the judgment was rendered. We
have repeatedly held, that after the adjournment of the term the Court
loses all control over cases decided, unless its jurisdiction is saved by
some motion or proceeding at the time, except in the single case pro-

vided by statute, where the summons has not been served, in which the party is allowed six months to move to set the judgment aside.

The reason of this rule is obvious: there must be some finality in legal proceedings, and a period beyond which they cannot extend. The safety and tranquility of parties require that their interest should not be constantly suspended, and their repose liable to be disturbed at any moment by the discretion of the Court. Baldwin v. Kramer, 2 Cal., 582, and Suydam v. Pitcher, 4 Ib., 280. A party is not confined to his remedy by statute, but may resort to a Court of Equity for relief against a judgment obtained by fraud or surprise.

It is contended that the appellant is estopped in consequence of having accepted the costs which were imposed as a condition for reopening the case. The Court had lost all jurisdiction in the matter. The case was effectually out of Court, and could not be reinstated, except perhaps by the consent of parties; and the acceptance of the costs cannot be construed into a consent upon the part of the appellant.

The record in this case shows an amount of sharp practice not at all creditable to some of the parties, and verging upon the line of dishonesty, which calls for rebuke. If the defendants have any rights, they must assert them in a Court of Equity.

The order of the Court below is reversed, with costs.