ROBB v. ROBB.

The District Courts cannot grant a new trial or interfere in any way with their judgments or decrees in any material part, after the adjournment of the term in which they are rendered.

In cases of fraud in obtaining the judgment, the party aggrieved must proceed by a bill to impeach the original decree for fraud, etc.

APPEAL from the District Court of the Fifth Judicial District, county of San Joaquin.

On March 12th, 1855, the plaintiff, Ellen R. Robb, filed a bill of divorce against her husband, John S. Robb, and claiming certain property as conveyed to her by deed of gift during coverture, as well as her share of the common property. Service of process was had on defendant in San Francisco on the next day. On the 21st of July following, no answer being filed, the plaintiff proceeded to trial and obtained a final decree of divorce, vesting in her the property set forth in her complaint as separate property, and the one-half of the common property. On the —— day of October, the defendant filed a sworn petition to have the decree vacated and a new trial granted, alleging the following facts as grounds for his petition: That long before the time for answering had expired he employed an attorney in San Francisco to defend the action, who prepared an answer, which was duly sworn to by defendant; that he paid said attorney to attend to the defence of this action, and that the attorney agreed to do so, and to file the answer in time, but that the attorney had failed or neglected to do so; that defendant had no knowledge or information of the entry of the decree in this cause until the 28th day of September, when a notice was served on him that the plain-

tiff would move the Court on Monday, October 8th, to reform the decree; that the attorney thus employed by defendant is wholly insolvent and unable to respond in damages for his misconduct; that the property claimed by the plaintiff as her separate property was conveyed, not by a deed of gift, but for a valuable consideration, to wit: one lot, on condition that defendant should erect a printing press, which he had done, and another lot, on condition that defendant would settle with his family in Stockton, which he had done; though the deeds were made out in the name of defendant's wife at his request; that defendant and his wife had, in 1854, entered into articles of separation, under which the trustee named therein was to receive all the profits of all the land mentioned in complaint, and divide them equally between plaintiff and defendant during their joint lives. The petition alleges fraudulent concealment of the facts, and has annexed copies of the deeds to the land, showing a money consideration stated, and the articles of separation.

The plaintiff demurred to the petition, and also filed a sworn answer, and the affidavit of her counsel, showing that one of the deeds had been produced and explained on trial, and denying fraud or collusion.

The Court refused to set aside the judgment and grant a new trial.

Defendant appealed.

*D. W. Perley* for Appellant.

*Baine & Bouldin* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT concurred.

This is an appeal from an order of the District Court, refusing to set aside a decree rendered at a previous term. The appellant relies on two decisions of this Court as maintaining the practice adopted by him.

In the case of Kewen *v.* Bidleman, (2 Cal., 248,) the sufficiency of the remedy by motion was not questioned, and the Court below entertained the application by consent of attorneys, so that the limitation of the statute upon the powers of the Court was not under consideration.

In the case of The People *v.* Laforge & Ball, (3 Cal., 130,) Mr. Justice Heydenfeldt treats the application to set aside the judgment of the inferior Court as an original bill in chancery; while Mr. Justice Wells was of the opinion that the proceeding by motion was regular, relying on the case of Kewen *v.* Bidleman, which, as we have already stated, does not decide the point.

As a rule of practice, it is of but little importance whether we treat the appellant's motion and affidavit as a bill in equity or require him to proceed formally; but, having held in repeated cases that inferior Courts cannot grant a new trial, or interfere with their judgments or decrees, in any material part after the adjournment of the term, we think it best for the sake of uniformity to conform to this rule.

The appellant must assert his rights by a proceeding in the nature of a bill to impeach the original decree for fraud, etc.

Judgment affirmed with costs.