## LEWIS v. RIGNEY et al.

In an action of ejectment against two defendants, one was served with summons and made default, and without any service being had upon the other, a judgment was entered against both for possession of the premises and costs. On application of the defendant not served, an order was made at a subsequent term of the Court, setting aside the entire judgment as to both defendants, with leave to the defendant not served to answer: *Held*, that this order was proper.

Lewis *v.* Rigney.

The·effect of such an order is not to set aside the default of the defendant who had been served, or to permit his co-defendant to defend for both. A new judgment may at once be entered by the plaintiff against the defaulting defendant.

The sixty-eighth section of the Practice Act applies not only to cases where a judgment has been taken regularly without personal service, as upon publication of summons, but also to cases of judgments entered erroneously without any service of summons or appearance of defendant.

Where, pending a motion by a defendant who had been served with process to set aside a judgment erroneously entered at a previous term against him and a co-defendant who had made default, the plaintiff applied to the Court to correct the judgment by striking out the name of the moving defendant, on the ground that it had been inserted by a mistake of the Clerk : *Held,* that, admitting the mistake, it was within the discretion of the Court to deny so tardy an application.

APPEAL from the Sixth Judicial District.

This was an action of ejectment brought by O. C. Lewis against Peter Rigney and B. C. Quigley for a lot situated in Folsom, Sacramento County. The complaint was filed December 24th, 1860, and charges that both defendants are wrongfully in possession, and prays judgment against both for possession and costs. On the sixth day of May, 1861, the summons was personally served on defendant Quigley, in Sacramento County. No service of any character was had on Rigney, and on the twenty-fourth day of May, at the April Term of the Court, Quigley having made default, plaintiff moved for judgment, and a judgment was entered against both defendants for the possession of the premises and costs. On the third of June following, another term of the Court having commenced, Rigney presented an affidavit, setting forth that he had not been served with process, that he was the real owner of the land, and had a good defense, and, on notice to plaintiff, moved thereon that the entire judgment rendered at the previous term be set aside, and that he be permitted to defend.

Pending this motion, plaintiff applied to the Court for a correction of the judgment by striking out the name of Rigney therein, alleging that his name had been inserted by mistake by the Clerk, and in support of this motion filed an affidavit of his attorney that he had only asked for a judgment against Quigley alone, and that the Clerk by mistake had entered a judgment against both defendants ; that this error was pointed out by plaint-

iff's attorney to the Clerk before the minutes were signed by the Judge and the Clerk had promised to correct it—also the affidavit of a deputy of the Clerk that he had been requested by plaintiff's attorney to correct the judgment entry, and had before the minutes were signed called the Judge's attention to it, and was told by him that as an execution had issued the correction must be made, if at all, by motion in open Court.   An affidavit of defendant Quigley was also filed, stating that he had not authorized any attorney to appear for him, and did not join in the application to set aside the judgment.

Both of these motions were heard on the twenty-first day of June, and an order was then made denying plaintiff's motion to amend the judgment, and, in accordance with that of defendant Rigney, setting the entire judgment aside, with leave to him to answer on the merits.   From this order the plaintiff now appeals.

*E. B. Crocker*, for Appellant.

I.   The Court had no power, right, or authority to set aside the judgment.   The judgment in this case was rendered May 24th, 1861, during the term of said Court held in April and May, and the notice of motion to set it aside was not served or filed until the next term.   The Court then had lost all power to set aside the · judgment, though it could correct any clerical mistake.   (4 Cal. 280 ; 5 Id. 486 ; 6 Id. 630 ; 8 Id. 521.)

II.   The affidavit on which the motion was founded is clearly insufficient.   It does not state that Rigney was in possession at the commencement of or during the suit, or that he ever was in possession.   It states, in general terms, that he has a good defense to the action, but does not set forth the facts which would enable the Court to determine whether he had a good defense or not, and such a general statement of a mere conclusion amounts to nothing without showing the fact.   (*Garner* v. *Marshall*, 9 Cal. 270 ; *Klink* v. *Cohen*, 13 Id. 624.)

III.  · The Court erred in setting aside the judgment as against Quigley.   Quigley made no motion to set aside the judgment as against him, and he alone was competent to ask the Court to do so. If he is satisfied with the judgment, no one else has a right to com-

plain for him.    No one has a right to open up the case against him and subject him to the risk of a new judgment, for an additional amount of costs, and for rents and profits, against his wishes and consent.    This is so clearly erroneous that it is sufficient alone to reverse the order appealed from.

IV.    The Court erred in refusing to correct the mistake in the judgment by striking out the name of Rigney and leaving it to stand as a judgment against Quigley alone.    The fact that it was a mistake of the Clerk alone is clearly proved, and the plaintiff's attorney did all in his power to have the mistake corrected, both before the minutes were signed and afterwards.    The records of the Court in showing that service had been had upon Quigley alone were sufficient to authorize the correction.    When process is served only upon some of several defendants, and there is no appearance for the others, and judgment is taken against "the defendants," it will be taken as a judgment only against those served.    (2 Bibb, 388; 2 S. & R. 280; 1 Cowen, 177; 10 Wend. 630; 10 Pick. 281.)

*F. Hereford,* for Respondent.

The sixty-eighth section of the Practice Act justifies the order of the Court.    It provides, that "when from any cause the summons and a copy of the complaint in an action have not been personally served on the defendant, the Court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action."    There was no other way in which defendant could be relieved than that adopted by the Court.

In *Pico et al.* v. *Carillo et al.* judgment was rendered against two defendants, only one having been served; in that case the Court set aside the "judgment," and this Court affirmed the order. (*Pico et al.* v. *Carillo et al.,* 7 Cal. 31.)

True, Quigley does not ask to have the judgment set aside as to him.    But this Court will not allow one defendant to permit judgment to go against him, by which his co-defendant is affected, when that co-defendant has not been served and knows nothing of the

proceedings. Setting aside the judgment would avail us nothing, unless it was set aside as an entirety.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action of ejectment, in which the summons was served on the defendant Quigley, but not on the defendant Rigney—Quigley having suffered a default, judgment was entered against both defendants. Rigney then moved the Court to set aside the judgment, which motion was granted. The plaintiff appeals, and insists that Rigney could only ask to have the judgment set aside as to him. Although it may be that Rigney might have the judgment set aside as to him, yet we think he may have the only judgment in the case set aside if it has been taken against him without authority. There is no judgment against him alone; it is one judgment against the two defendants for the recovery of the premises and for damages, and to set aside the judgment as to him would in effect be setting aside the whole of that judgment and entering a new judgment against Quigley alone. As it now stands, the plaintiff has only to enter a new judgment against the defendant who has made default. Whichever the form the result is the same.

The parties seem to consider that the leave given Rigney to answer the complaint authorizes him to defend for both defendants. This is not so. The default of Quigley has not been set aside, and if Rigney wishes to defend for Quigley as landlord, he must make an application for such leave. We do not intend to signify any opinion as to his rights in this respect, but only to remove the erroneous impression which appears to have occasioned this appeal.

Judgment affirmed.

On petition for rehearing NORTON, J. delivered the following opinion—FIELD, C. J. and COPE, J. concurring.

A rehearing is asked in this case on the supposition that the Court overlooked the fact that the term at which the judgment was entered had elapsed before the motion to set it aside was made, and also the fact that the entry of the judgment against both of the defendants was by a mistake of the Clerk of the District Court.

Lewis *v.* Rigney.

Although not specially explained in the opinion, they were not over-looked. Rigney not having been served with summons was enti-tled, under the sixty-eighth section of the Practice Act, to come in and be allowed to answer to the merits at any time within six months. It is not said in that section that the judgment will be set aside, yet it is a matter of course that the judgment may be set aside in order to let in a defense to the merits, unless the judgment is specially ordered to stand. In the case of *Bell* v. *Thompson* (19 Cal. 706) we intimated an opinion that this portion of section sixty-eight was probably intended for the benefit of those against whom a judgment was taken regularly without personal service, as upon publication of summons, and in such case it would be proper to allow a party to come in and defend, allowing the judgment in the meantime to stand. But it has frequently been referred to as applying to cases of judgments entered erroneously without any service of summons or appearance of the defendant, and such cases, undoubtedly, are within its letter. We do not think it desirable now to refuse to apply this section to any case coming within its terms, by which application some relief may be obtained from the embarrassments arising from the decisions by which the District Courts are prevented from granting appropriate relief because the term at which the judgment was rendered has passed.

For the reason given in our former opinion, we think there was no error in setting aside the whole judgment, nor do we think there was error in refusing to allow the amendment asked by the plaintiff at the time the motion to set aside was made. The accident of entering the judgment against both defendants happened to the prejudice, as it has turned out, of the plaintiff, but this not being corrected before the motion to set aside was made, we think, at least, it was a matter of discretion with the Court to allow the amendment or not.

Rehearing denied.