De Castro *v.* Richardson *et als.*

MARIA L. P. DE CASTRO *v.* JAMES RICHARDSON, JONATHAN RICHARDSON, JOHN WHISMAN, G. RICH, CHARLES RICE, MINERVA RICE, JOEL LEVINE, GEORGE CHARLESTON, DANIEL FRY, EMELINE CREWS, CALEB CREWS, H. M. HEN—DERSON, A. JEFFREY, HUGH BROWN, HENRY RINGSTAFF, W. D. HUDSON, MATHEW W. DIXON, JAMES CREWS, ANDREW WHISMAN, STEPHEN J. LANE, AND GEORGE GLEASON.

AMENDMENT OF RECORDS OF COURT.—Where an order has been made extending the time allowed by statute to prepare a statement on motion for a new trial, and the term has adjourned, the Court has no power at a subsequent term to amend the order, so as to make it include a notice of intention to move for a new trial, unless a motion to amend has been made at the term during which the order was entered and continued, or unless the record discloses that the entry does not correctly give what was the order of the Court.

SAME.—The power of a Court to amend the record after the adjournment of a term only extends to the correction of a mere clerical error.

STRIKING OUT STATEMENT.—If notice of intention to move for a new trial is not given within the statutory time, and no waiver of the failure to give the same is shown, the Supreme Court will, on motion, strike the statement from the transcript.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

This was an action of ejectment to recover possession of a tract of land in Santa Clara County.

Plaintiff recovered judgment in the Court below, and defendants appealed. The other facts are stated in the opinion of the Court.

*J. Clarke*, for Appellants.

*S. O. Houghton*, for Respondent.

By the Court, RHODES, J.

The appeal in this case is taken from the judgment and from the order denying the defendants' motion for a new trial. The verdict for the plaintiff was rendered on the 10th day of September, 1862, and on that day the Court made an order "that

7

the defendants have thirty days time within which to prepare a statement on motion for a new trial in this cause, and, in the meantime, proceedings on the part of the plaintiff be delayed." On the 9th day of October the defendants served the plaintiff with a notice of motion for a new trial. The plaintiff gave notice to the defendants on the 25th of December, that he would, on the 5th day of January, 1863, move the Court to strike out their motion for a new trial, on the ground that no notice of motion had been served or filed within the time prescribed by law. On the 27th of December, the defendants served the plaintiff with a notice that on the first day of January next, at the opening of the Court, they would move the Court " to amend and correct the entry in the minutes of the Court of the order made by said Court on the 10th day of September, 1862, relative to a motion for a new trial, by inserting after the words ' thirty days within which,' the words ' to give notice of intention to move for a new trial and.' Said motion will be made upon the affidavit of Alexander Campbell, a copy of which is hereunto annexed." At the January term, 1863, the motion of the defendants was called up, and the Court ordered that the entry in the minutes of the 10th of September be amended so as to read as follows : " On motion of the counsel for the defendants in this cause, it is ordered that the defendants have thirty days time within which to give notice of intention to move for a new trial and to prepare a statement on motion for a new trial in this cause, and that, in the meantime, proceedings on the part of the plaintiff be stayed."

At the May term, 1863, the motion for a new trial was argued by the counsel for the respective parties, and on the 26th of May, the Judge of said Court, at chambers, denied said motion, and this order appears to have been entered upon what the clerk entitles a " settled statement on motion for a new trial." The statement does not appear to have been settled by the Judge, and there is no certificate that it was either settled or agreed to by the parties, and it does not appear to have been filed until the 2d of June, 1863, for the only entry

in respect to filing is that which follows the order of the Judge denying the motion for a new trial, and which is as follows: "Filed on return, this 2d day of June, 1863. James A. Clayton, Clerk."

The plaintiff now moves this Court to strike from the transcript the statement on the ground that the notice of the motion for a new trial was not filed or served within five days after the verdict was rendered, and that no order of the Court or Judge was made, extending the time for giving the notice.

This brings up for consideration the legality of the order of the Court, made at the January term, 1863, amending the order entered at the previous term. The order, as first entered, gave the defendant thirty days in which to prepare his statement on motion for a new trial, and the amended order gives them that length of time in which to give notice of intention to move for a new trial, as well as to prepare the statement.

The motion and the order were, " to amend the entry in the said minutes." It is not stated in the motion, nor recited in the amended order, that the Court did, at the September term, grant the defendants the thirty days in which to give the notice, and there was nothing in the record at the September term showing that the Court did give or intended to give the defendants the time for that purpose.

It is said in *Blackamore's Case*, 4 Coke's Report, 453b : " So at common law, the Judges might as well amend their judgment as any other part of their record, etc., in the same term, for during the term the record is in the breast of the Judges, and not in the roll. * * * But at the common law the misprision of clerks in another term in the process was not amendable by the Court, for in another term the roll is the record * * *." This well established rule of the common law was affirmed at an early date in this State. (*Baldwin* v. *Kramer*, 2 Cal. 582.)

Mr. Chief Justice Murray, in delivering the opinion of the Court in *Carpentier* v. *Hart*, 5 Cal. 406, said : " We have repeatedly held that after the adjournment of the term the Court loses all control over cases decided, unless its jurisdic-

tion is saved by some motion or proceeding at the time, except in the single case provided by statute, where the summons has not been served, in which the party is allowed six months to move to set the judgment aside." This doctrine has been too frequently affirmed by this Court to be now called in question. (*Suydam* v. *Pitcher*, 4 Cal. 280 ; *Robb* v. *Robb*, 6 Cal. 21 ; *Morrison* v. *Dapman*, 3 Cal. 255 ; *Shaw* v. *McGregor*, 8 Cal. 521 ; *Bell* v. *Thompson*, 19 Cal. 706 ; *Lattimer* v. *Ryan*, 20 Cal. 632.)

In this case, the judgment was rendered and the term had expired, and consequently the Court had no power, at a subsequent term, to amend the order made at a previous term, unless a motion had been made or some proceedings instituted at the previous term to procure the amendment to be made, and the motion or proceedings had been continued to that term. If the Court has the power that the entry of the amended order would imply, and if the amended order had been entered at the September term, and the defendants had relied upon it, and had given their notice of intention to move for a new trial within the thirty days allowed, the plaintiff might at the next term have moved the Court and procured an amendment, striking off the allowance of time for giving the notice, when the defendants would have been deprived of the benefit of their motion for a new trial, without any fault on their part. By reason of the want of power in the Court to make the amendment after the expiration of the term, the amended order is void.

A proper observance of this rule will not in any manner derogate from the power of Court to make an order *nunc pro tunc*, or to correct a mere clerical error in an order or proceeding, where a fit case for the exercise of such authority arises. It is a general rule that a mere clerical error is amendable. (See Tidd's Prac., 4th Am. Ed., 1855, p. 161, note B.) At common law, when the proceedings have been entered of record, the Courts would allow of no further amendments, but by the statute of jeofails and amendments, a still further right of amendment was given. The making up of the judgment roll

De Castro *v.* Richardson *et als.*

is the equivalent, under our Practice Act, of the entry of record at common law. We have directly adopted the English statutes, in respect to amendments, to a very limited extent, but our Courts have gone much further than our statutes, and have adopted them indirectly as rules of practice. It was found necessary to pass the statute (of 14 Edw. III, Stat. 1, C. 6,) to avoid the consequences of "misprision of the clerk in writing one syllable or letter too much or too little," which was afterwards, by construction, extended to a *word*, but our Courts have exercised that power very amply "in furtherance of justice." But at common law, and under the statutes of jeofails and amendments, and by the practice of our Courts, the order *nunc pro tunc*, or the amendment of the clerical error, could not be made unless there was something in the *record* to amend by. (*Blackamore's Case* above cited; Tidd's Prac., 4th Am. Ed. 713; *Morrison* v. *Dapman*, 3 Cal. 255; *Swain* v. *Naglee*, 19 Cal. 127.)

In *Morrison* v. *Dapman*, the judgment was rendered, to be levied *de bonis testatoris*, and, on motion, it was at a subsequent term amended, so as to be levied *de bonis propriis;* but the Supreme Court held that the power to amend *nunc pro tunc*, was "confined to cases where the record discloses that the entry in the minutes does not correctly give what was the judgment of the Court;" and in *Swain* v. *Naglee*, the Court say that "all Courts have the power to amend clerical errors, and to enter a judgment *nunc pro tunc*, when the record itself discloses the error."

There is no pretence that it appears anywhere in the record that, at the September term, time was extended for the defendants to give the notice of the motion for a new trial; and under the above rule, an order *nunc pro tunc*, granting time for that purpose, could not be legally made at a subsequent term. This disposes of the notice, and as a consequence, the motion for a new trial fails for the want of a notice to support it. The plaintiff has not by any means consented to the motion's being entertained, but on the contrary, he moved that it be stricken out, because notice had not been given as required

by law. The statement, also depending upon the notice of the motion, must fall with it.

This leaves for examination only the judgment roll. The statement not being settled or signed by the Judge, is not and does not purport to be a statement on appeal, and cannot avail the defendants for any purpose.

Upon examination of the judgment roll, we see no error therein sufficient to entitle the defendants to a reversal of the judgment.

Judgment affirmed.

Mr. Justice SHAFTER expressed no opinion.