EMILY CASEMENT *v.* WALTER RINGGOLD AND STANGER TATE.

VACATION OF JUDGMENT AFTER ADJOURNMENT OF TERM.—Where a plaintiff fails to appear when a cause is regularly called for trial, and at defendant's request the trial proceeds, and judgment is rendered for defendant, the Court has no power to relieve the plaintiff from the judgment under the sixty-eighth section of the Practice Act, on the ground of mistake, inadvertence, surprise, or excusable neglect, on a motion made after the adjournment of the term at which the judgment was rendered.

SAME—If relief can be obtained in such cases, it must be by a motion for a new trial, on the ground of accident or surprise, which ordinary prudence could not have guarded against.

CLERK MAY ENTER JUDGMENT IN VACATION.—If the judgment has been pronounced by the Court, drawn up in writing in the form intended to be entered, signed by the Judge, and filed with the Clerk before the adjournment of the term, it has become the judgment of the Court of the term at which it was rendered, and the Clerk may perform the ministerial act of entering it in the Judgment Book in vacation without further direction.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*John Satterlee,* for Appellant, argued that the judgment was not perfected at the term when pronounced, because not entered up by the Clerk until after the adjournment, and referred to Practice Act, Secs. 201, 203, 204, 205, 206 ; New York Code, Secs. 279, 280, 281, 282 ; *Schenectady `and Sar. Plank Road Company* v. *Thatcher,* 6 Howard Pr. Rep. 226 ; *Lentilhon* v. *Mayor, etc., of. New York,* 3 Sandford's Superior Court Rep. 72. He also contended that section sixty-eight of the Practice Act contained no limitation of the time within which application for relief might be made under its provi-

sions, and that in England and New York, both before and since the code, such motions were allowed under a proper state of facts, without reference to lapse of time, and referred to Tidd's Practice, Inquisition, Inquiry, Chap. 38, Secs. 2, 3 ; Graham's Practice ; Burrill's Practice ; 6 Howard U. S. Rep. 39, and cases there cited ; *Thorpe* v. *Fowler*, 5 Cowen, 446 ; *Church* v. *Rhodes*, 6 Howard's Pr. Rep. 285 ; 3 John. Ch. 415 ; 7 Paige, 509 ; 8 Paige, 176 ; and 3 Abbott's Pr. Rep. 446.

*Patterson, Wallace & Stow*, for Respondent, contended that it was a judgment of the term when pronounced by the Court, notwithstanding the failure of the Clerk to enter it in the Judgment Book and make up the judgment roll until after the adjournment of the term, and referred to 9 Howard's P. R. 86 ; 2 Sandford, 645 ; 2 Code Reporter, 125.

By the Court, SAWYER, J.

When this cause was called for trial in the Court below, plaintiff's counsel was absent, and defendants' counsel insisted upon proceeding with the case. A trial having been had in the absence of the plaintiff, the Court found the facts and rendered judgment in favor of defendants. The Court soon after, on the same day, adjourned for the term. Within a few days, but not till after the adjournment of the term, the plaintiff's counsel filed affidavits showing, among other things, that the plaintiff was at the time of the trial absent from the State, and that her counsel, who had the entire charge of the case, was absent from Court in consequence of severe illness, by which he was confined to his bed, and utterly incapable of doing any business. Upon these affidavits he moved the Court to vacate the judgment, on the ground that it was obtained through accident, surprise and excusable neglect on her part.

The Court denied the motion on the ground that it had lost jurisdiction to grant the relief asked, in consequence of the adjournment of the term ; and plaintiff appealed from the judgment and order.

Appellant insists that the Court has the jurisdiction to grant the relief, notwithstanding the adjournment of the term, under the provisions of section sixty-eight of the Practice Act authorizing the Court to relieve a ·party from a judgment, etc., "taken against him through his mistake, inadvertence, surprise, or excusable neglect." And if the question were new much might be said in favor of this position. But unfortunately for the argument the decisions have been the other way almost from the organization of the State Government (beginning with *Baldwin* v. *Kramer*, 2 Cal. 582,) down to the present time. The cases of *Bidleman* v. *Kewen*, 2 Cal. 248, and *People* v. *Laforge*, 3 Cal. 133, supposed by appellant's counsel to support his view, and to be in conflict with the other cases, are shown in *Robb* v. *Robb*, 6 Cal. 22, not to have involved the question, and this leaves the line of decisions unbroken. The question as to the power of Courts over their judgments after the adjournment of the term, has arisen in this State many times, and in various forms. In *Carpentier* v. *Hart*, 5 Cal. 406, as appears from an examination of the record, the question was presented in precisely the same form as in this case. A judgment had been rendered against defendant, Hart, a minor, through a mistake of his guardian *ad litem*. Upon a satisfactory showing made at the next term upon proceedings promptly taken after the discovery that judgment had been entered, the District Court vacated the judgment. On appeal, the order was reversed, the decision being put expressly on the ground that the District Court loses all power over its judgments after the adjournment of the term, unless its jurisdiction is saved by some motion or proceeding pending at the time. So also, in *Shaw* v. *McGregor*, 8 Cal. 521, the question was presented in a similar manner. The suit had been commenced and summons served, after which the plaintiff and defendant therein had a settlement of all matters in difference, including the suit pending, the plaintiff agreeing to dismiss the suit. The defendant paid to plaintiff the sum of money agreed upon and took from him a written discharge,

43

under seal, for all sums due, and all matters in dispute, whether in suit or otherwise. The defendant, relying upon this settlement and agreement, and supposing that the suit would in good faith be dismissed, paid no further attention to it. Nevertheless, the plaintiff, when the time for answering expired, entered judgment by default for a large amount, and as soon as the term was adjourned issued execution. The defendant first learned that judgment had been taken when the officer appeared to levy on his property. On application of defendant, promptly made, the Court vacated the judgment. One would suppose that this cause presented a pretty strong case of surprise or excusable neglect on the part of defendant. On appeal, the order vacating the judgment was reversed, the Court expressly putting its decision upon the ground that the District Court had no power to vacate its judgment upon proceedings instituted after the adjournment of the term at which the judgment was recovered. In *Lattimer* v. *Ryan*, 20 Cal. 632, the ground upon which the District Court set aside the judgment must also have been that it was taken through the inadvertence or excusable neglect of the defendant. The order was reversed on appeal. Mr. Justice Norton, in delivering the opinion of the Court, said : "According to the repeated decisions of this Court, jurisdiction to set aside the first judgment had been lost to the District Court upon the adjournment of the term at which it was rendered." (See, also, *Morrison* v. *Dapman*, 3 Cal. 255 ; *Suydam* v. *Pitcher*, 4 Cal. 280 ; *Robb* v. *Robb*, 6 Cal. 21 ; *Branger* v. *Chevalier*, 9 Cal. 172 ; *Swain* v. *Naglee*, 19 Cal. 127 ; *Bell* v. *Thompson*, 19 Cal. 708 ; *Lewis* v. *Rigney*, 21 Cal. 273 ; *De Castro* v. *Richardson*, 25 Cal. 51.)

In *Roland* v. *Kreyenhagen*, 18 Cal. 456, the motion to vacate was made before the adjournment of the term.

The result of the numerous decisions, therefore, is, that the party must take the initiatory steps to obtain the relief authorized by section sixty-eight of the Practice Act before the expiration of the term at which final judgment is rendered, in all cases except those in which the defendant has not been personally served with process ; in which cases the Court may,

on such terms as may be just, allow a defendant to answer to the merits at any time within six months after the rendition of the judgment. If any point can be considered as settled by judicial decision, it would seem that the question now made ought to be regarded as no longer open to doubt in this State. If erroneously settled, the remedy must now be sought in legislative action. The inconvenience of the rule is to some extent, though, perhaps, not entirely obviated by the third clause of section one hundred and ninety-three, which authorizes a new trial on the ground of " accident or surprise which ordinary prudence could not have guarded against." This ground would probably ordinarily cover most of the cases of a judgment recovered through " mistake, inadvertence, surprise or excusable neglect," mentioned in section sixty-eight. And when the case is tried by the Court—as in this instance— the party has ten days after the judgment is brought to his attention by " receiving written notice of the rendering of the decision by the Judge," within which to give notice of his intention to move for a new trial on affidavits setting forth the accident or surprise.

The only remaining point is, that there was no judgment in fact entered until after the application to vacate was made, and for this reason the case is not within the principle established by the decisions. It appears from the record " that the findings of fact and conclusions of law were signed by the Judge and filed on the 24th day of September, 1864, and that formal judgment was signed by the Judge on said day, and that the same was filed with and by the Clerk " of the Court before the final adjournment, but that the Clerk did not enter the judgment in the judgment book or make up the judgment roll till after the adjournment, and till action to vacate the judgment had been taken. The proceedings, it is true, might not have been so far perfected as to authorize the issuing of execution, or to make the judgment a lien upon the lands ; but the rights of the parties were fully ascertained and determined, the precise terms of the judgment settled, and the judgment not only finally pronounced from the Bench but

actually formally drawn up as it was intended to be entered, signed by the Judge and filed by the Clerk in the case. It had become the final determination of the Court. Nothing remained to be done but the mere ministerial duty to be performed by the Clerk, of copying it into the Judgment Book; and this ministerial act might have been performed by him without further direction in vacation, after the adjournment of the term. Such seems to be the effect of the decisions in *McMillan* v. *Richards*, 12 Cal. 467, and *Hutchinson* v. *Bours*, 13 Cal. 52, with reference to the time of the performance of the ministerial duty of the Clerk. But whether copied into the Judgment Book during the term or in vacation it was a judgment of the term at which it was rendered. If the Clerk should neglect to enter the judgment rendered, the Court could undoubtedly direct him to do it. The record shows what the judgment was, and the Court could not modify or vacate it.

The judgment and order appealed from must therefore be affirmed, and it is so ordered.

CURREY, J., dissenting.

I dissent.