[No. 803.]

## AGNES R. DANIELS, APPELLANT, v. J. C. DANIELS, RESPONDENT.

JURISDICTION OF COURT AFTER EXPIRATION OF TERM.—The district court has no jurisdiction at a subsequent term to set aside a default or vacate a decree or judgment rendered at a previous term of court unless its jurisdiction is saved by some proper proceeding instituted within the time allowed by law.

APPEAL from the District Court of the Eighth Judicial District, Esmeralda County.

The facts are stated in the opinion of the court.

*Thomas H. Wells,* for Appellant:

I. The order appealed from is properly before this court. It is an order made upon affidavit, after final judgment; hence, it can be appealed from, and the judgment-roll and order only need be brought up. (Pr. Act, sec. 337.)

II. The order, when made, was, that a default and final

judgment, entered at a former term, be set aside and vacated. There had been personal service of the summons on defendant in Esmeralda county, Nevada; hence the court had no power to make the order appealed from. (25 Cal. 49, 169; 30 Cal. 192; Pr. Act, sec. 68.)

*T. W. W. Davies,* for Respondent:

I. Appellant should have embodied the judgment-roll in a statement, or at least the minutes of the court showing when the judgment was ordered, in order to show that the judgment was entered at a former term. There is nothing in the statement showing that proceedings to vacate the default and judgment were not commenced before the expiration of the term at which the default and judgment were entered.

The proceedings of the district courts, being courts of general jurisdiction, are presumed to be regular. There is no certificate of the clerk or judge, nor is there any pretense that the papers contained in this transcript were all the papers or testimony used and adduced on the hearing when the order appealed from was made. The order appealed from being regular on its face, and such a one as the court had power to make, must stand. (*White* v. *White,* 6 Nev. 20; *Dean* v. *Pritchard,* 9 Id. 232; *Sherman* v. *Shaw,* 9 Id. 151.)

II. Under section 68 Civ. Prac. Act, Stats. 1869, the district court has the largest discretion in regard to affording the proper relief in cases of default. And we submit, that on the merits of the case, as presented in the *ex parte* transcript, the action of the court was right. (*Howe* v. *Coldren,* 4 Nev. 175.)

By the Court, LEONARD, J.:

This is an appeal from an order of the eighth judicial district court, setting aside the default of defendant, vacating the decree rendered against him, reinstating said cause, and allowing defendant to file his answer. Default was entered January 18, 1876, and decree of judgment rendered March 22, 1876.

Respondent's counsel, in their argument, claim that soon after default was entered, they sent to the clerk of said court the necessary papers for opening the default, etc., but it is admitted that they were not filed by the clerk or served upon counsel for appellant until June 5, 1876. The order appealed from was made by the court June 8, 1876. At the several dates above-mentioned there were only two terms of said court, which commenced respectively, on the first Monday in June and December. In the year 1876, the June term commenced June 5, and the prior December term continued until the last-mentioned date. Defendant was served personally with summons in Esmeralda county, but failed to answer or otherwise plead within the statutory period.

Upon the hearing of the motion to set aside default, etc., plaintiff's counsel objected to the granting of the same, on the grounds that defendant had not shown due diligence, and that the court did not have jurisdiction to set aside the default or vacate the decree and judgment rendered at a previous term.

Appellant urges as error, the action of the court in granting respondent's motion, for the reason last stated.

It appears upon the face of the record herein, that respondent instituted proceedings in the court below to set aside the default and vacate the decree and judgment at the June term of said court, to wit, June 5, 1876. If any proceedings were commenced before the termination of the prior term which continued the jurisdiction of the court over the case, then the record, by proper motion in this court, should have been corrected so as to show such fact. In the present status of the case, we must presume the record before us speaks the whole truth, and that the default entered, and the decree and judgment rendered at the December term of said court, were set aside and vacated at the subsequent June term, when no proper steps had been taken during the December term to continue jurisdiction of the court over the case.

We think the court had no power to make the order appealed from, and that it is void.

It is well settled, upon the soundest policy, that after the adjournment of a term a court loses all control over its decrees and judgments rendered at such term, unless its jurisdiction is saved by some proper proceeding instituted within the time allowed by law. In this case no such proceeding was commenced. (*Carpenter* v. *Hart*, 5 Cal. 406; *Suydam* v. *Pitcher*, 4 Cal. 280; *Robb* v. *Robb*, 6 Cal. 21; *Shaw* v. *McGregor*, 8 Cal. 521; *Lattimer* v. *Ryan*, 20 Cal. 632; *Bell* v. *Thompson*, 19 Cal. 708; *DeCastro* v. *Richardson*, 25 Cal. 52; *Clark* v. *Strouse*, 11 Nev. 79.)

If the respondent has any rights he must assert them in a court of equity. (5 Cal. 407.)

The order of the court below is reversed.