[No. 11230. Department One. — January 27, 1886.]

SAMUEL B. WIGGIN, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

ESTATE OF DECEDENT — DECREE OF FINAL DISCHARGE — COURT MAY SET ASIDE — JURISDICTION — PROHIBITION. — On the 19th of January, 1885, the Superior Court settled the final account of the petitioner, as the administrator of the estate of one Murphy, and decreed the distribution of the estate, and on the 26th of January, 1885, entered a decree finally discharging him as administrator. On the following day, upon the application of certain parties interested in the estate, the court made an order setting aside and vacating the decree of final discharge, reciting therein that the decree was made and entered inadvertently and *ex parte*. The petitioner subsequently brought this proceeding to prohibit the court from taking any further action in the matter of the estate. *Held*, that the court had jurisdiction to set aside the order of final discharge, and that the validity of the order could not be collaterally attacked.

APPLICATION for a writ of prohibition. The facts are stated in the opinion.

*William Reade*, for Petitioner.

*Charles F. Hanlon*, for Respondent.

SEARLS, C.—This is an application for a writ of prohibition against the judge of the Superior Court

(Department 9) in and for the city and county of San Francisco, commanding him to desist from further proceedings in the matter of the estate of Hannah Murphy, deceased, upon the ground that the threatened action of said court is in excess of its jurisdiction.

Samuel B. Wiggin, the petitioner, was the administrator of the estate of Hannah Murphy, deceased.

On the nineteenth day of January, 1885, the Superior Court settled the final account of the administrator, and entered a decree of distribution of the property of the estate remaining in his hands.

On the twenty-sixth day of January, 1885, a decree of final discharge of petitioner, as administrator, was entered in the usual form in such cases.

On the twenty-seventh day of January, 1885, on the application of counsel for certain of the heirs of deceased, the court made an order setting aside and vacating the decree of final discharge, reciting therein that such decree of final discharge was entered and "made inadvertently and *ex parte*," and further ordering that the application of petitioner for a final discharge be heard January 28, 1885. Thereafter, and on the nineteenth day of May, 1885, the court issued an order for petitioner to show cause why he should not pay certain moneys ordered to be distributed to the heirs, or be dealt with by the court for disobedience to the decree of distribution. Petitioner appeared and objected to the jurisdiction of the court, contending that by the decree of final discharge of January 26th the court lost all jurisdiction over the matter, and the court disregarding the objection and being about to proceed in the premises, this application is made.

The question turns upon the authority of the court to set aside and annul the decree of final discharge of the petitioner as administrator.

If the court had jurisdiction to annul that decree, its authority to proceed in the cause as if no discharge had

been granted, to enforce its decree of distribution, and to punish petitioner for contempt if he shall contumaciously refuse to obey the orders of the court for the payment to heirs of the moneys in his hands and decreed to be paid to them, cannot be successfully contradicted.

In *Ex parte Smith*, 53 Cal. 204, this court held that disobedience of an order of final distribution of an estate is contempt of court within the meaning of section 1209 of the code. If, on the other hand, the court lost all power by the decree of final discharge of January 26th, and had no jurisdiction for any cause to set aside and annul that decree, then its subsequent acts were *coram non judice* and void. In a direct appeal from a judgment or order the recitals therein are not conclusive, and may be contradicted by other portions of the record. (*McKinlay* v. *Tuttle*, 42 Cal. 571.) But in a collateral attack on a judgment of a court of superior jurisdiction the recitals are presumed to be correct, and every intendment will be indulged in its support. (*Drake* v. *Duvenick*, 45 Cal. 455; *Hahn* v. *Kelly*, 34 Cal. 391.)

As this is not an appeal from the order setting aside the decree of final discharge, but a collateral attack thereon, we must assume as true the statements contained in the order, which are that the decree of final discharge of the petitioner was made "inadvertently and *ex parte*."

Has the Superior Court jurisdiction to set aside a decree thus made?

We think the question must be answered in the affirmative.

We understand the rule of the common law, and of this state alike, to have been that a court of record having general jurisdiction was master of its entire proceedings, and, except as limited by some statute, could change, modify, amend, annul, and strike out therefrom such portions as it deemed necessary and proper to secure the ends of justice, so long as they remained *in fieri;* second,

that when a case had proceeded to final judgment, the court still retained power over and could vacate, modify, or amend it until the expiration of the term at which it was rendered; third, that upon the expiration of the term all power of the court over its judgments ceased, unless reserved by statute or by some appropriate action on the part of the court itself.

To these general rules there was the exception that clerical errors and misprisions with reference to the entry of judicial proceedings could be corrected by the court after the expiration of the term at which judgment was entered, provided the record showed the mistake. (*Hastings* v. *Cunningham*, 35 Cal. 550; *Bell* v. *Thompson*, 19 Cal. 706; *Baldwin* v. *Kramer*, 2 Cal. 582; *Robb* v. *Robb*, 6 Cal. 21; *De Castro* v. *Richardson*, 25 Cal. 52; *Carpentier* v. *Hart*, 5 Cal. 406; *Blackmore's Case*, 4 Coke, 156.)

The theory upon which this doctrine proceeded in the English courts was, that during the term the record was in the breast or knowledge of the judges, and not in the roll, and it was not until the term closed that the record was made up and completed, after which it could not be disturbed.

Our constitution and code have abolished terms of court, and the rules which formerly prevailed for the correction of errors and irregularities cannot, as to time, be literally applied.

By section 473 of the Code of Civil Procedure, it is provided that most of the relief which formerly could only be granted before or at the term during which final judgment was rendered, must be sought within a reasonable time, and in all cases within six months after the judgment, order, or proceeding complained of is entered.

So, too, by section 937 of the Code of Civil Procedure, "an order made out of court without notice to the adverse party may be vacated or modified without notice by the judge who made it; or may be vacated or modified on notice, in the manner in which other motions are made."

But independent of statutory provisions, we are of opinion the court has power to correct mistakes in its proceedings, and to annul, within a reasonable time, orders and judgments inadvertently made. To illustrate, suppose a judgment is taken upon a default prematurely entered, or a judgment is inadvertently entered in favor of defendant, where it was intended to be in favor of plaintiff, or that for any one of a hundred reasons which might be supposed the court has accidentally or inadvertently entered orders or decrees not in consonance with its judgment or with law, and from which rank injustice must follow, can it be contended the court has no power, when within a day he discovers the mistake, to correct the error, and that the injured party must be remitted to an appeal for remedy? We think not.

Where the judgment of a court has been deliberately exercised in a cause, and a final result reached as a conclusion thereof, there are good reasons why it should not be disturbed except by the formal methods prescribed by statute, but rulings, orders, and even judgments inadvertently made are not the result of judgment, but of oversight, neglect, or accident, and are subject to correction by the judge or court making them. (*Hall* v. *Polack,* 42 Cal. 218.)

We are of the opinion that the court had jurisdiction to set aside its order or decree discharging petitioner from his office of administrator, upon the ground that such decree had been inadvertently made and entered, and that having power so to do, if error was committed, it cannot be corrected by means of a writ of prohibition, which only issues to arrest "the proceedings of any tribunal, corporation, board, or person, . . . . when such proceedings are without or in excess of the jurisdiction," etc. (Code Civ. Proc., sec. 1102; *People ex rel. Scannell* v. *Whitney,* 47 Cal. 584; *Bandy* v. *Ransom,* 54 Cal. 87; *C. P. R. R. Co.* v. *Placer Co.,* 43 Cal. 368; *People* v. *Supervisors Kern Co.,* 47 Cal. 81.)

The application of petitioner should be denied.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the writ is denied.