[No. 19123.   Department One. — October 7, 1893.]

## J. B. BRACKETT, RESPONDENT, v. MANUEL BANE-GAS ET AL., APPELLANTS.

VACATION OF JUDGMENT OR ORDER — EXCUSABLE NEGLECT — LIMITATION. — Section 473 of the Code of Civil Procedure, which provides that the court may relieve a party from a judgment or order "taken against him, through his mistake, inadvertence, surprise, or excusable neglect, provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment" or order, precludes the court from exercising this power in any case unless the application therefor be made within six months after the judgment or order.

ID. — RELIEF OF PARTY IN WHOSE FAVOR JUDGMENT IS RENDERED. — A party in whose favor judgment has been rendered is entitled to relief under section 473 of the Code of Civil Procedure as well as the party against whom judgment had been rendered; but he is also bound by the provisions of that section precluding the court from granting the relief unless the application therefor shall be made within six months after the rendition of the judgment.

ID. — LIBERAL CONSTRUCTION OF CODE — REMEDIAL PROVISION. — Section 473 of the Code of Civil Procedure is remedial and should be liberally construed.

APPEAL from an order of the Superior Court of San Diego County setting aside a judgment of foreclosure and sale thereunder, and allowing an amended and supplemental complaint to be filed; and from an order refusing to vacate such an order.

The facts are stated in the opinion of the court.

*J. B. Mannix*, and *Menzies C. Cleveland*, for Appellants.

There being no irregularities or defects apparent upon the record, the court, if it had any jurisdiction in the premises, erred in setting aside the decree without notice of the application to defendant, or his attorney. (*Reilly* v. *Ruddock*, 41 Cal. 313; *Vallejo* v. *Green*, 16 Cal. 160; 1 Freeman on Judgments, 4th ed., secs. 72, 72 *a*, 95, 103.) The court had no jurisdiction

to make the order vacating the decree, as the application therefor was not made within the time specified by the code. (Code Civ. Proc., sec. 473; 1 Black on Judgments, sec. 306; 1 Freeman on Judgments, secs. 93, 96, 98, 105; *Estate of Hudson*, 63 Cal. 454; *In re Cahalan*, 70 Cal. 604; *De Pedrorena* v. *Superior Court*, 80 Cal. 144; *People* v. *Goodhue*, 80 Cal. 199; *Moore* v. *Superior Court*, 86 Cal. 495; *Dean* v. *Superior Court*, 63 Cal. 477; *People* v. *Harrison*, 84 Cal. 607. See also *Shaw* v. *McGregor*, 8 Cal. 521; *Robb* v. *Robb*, 6 Cal. 21; *Bell* v. *Thompson*, 19 Cal. 706; *Yerkes* v. *McHenry*, 6 Dak. 5; *United States* v. *Wallace*, 46 Fed. Rep. 569.) A party in whose favor a judgment has been rendered comes within the meaning of the statute. (1 Freeman on Judgments, sec. 107; *Downing* v. *Still*, 43 Mo. 318; *Montgomery* v. *Ellis*, 6 How. Pr. 326.)

*Sprigg & Barber*, and *Patterson Sprigg*, for Respondent.

An *ex parte* motion to vacate a decree is merely one of practice and within the sound judicial discretion of the court. (3 Estee's Pleadings, 4407; *Wiggins* v. *Gray*, 24 How. 303.) The courts have power in a proper case to set aside a judgment at the instance of the party in whose favor it is rendered. (1 Black on Judgments, sec. 314; *Herdic* v. *Woodward*, 75 Pa. St. 479; *Bunce* v. *Wightman*, 29 Pa. St. 335; *White* v. *Leeds*, 51 Pa. St. 187; *Eldred* v. *Hazlett*, 38 Pa. St. 16; *Collins* v. *Webster*, 38 Pa. St. 150; *Downing* v. *Still*, 43 Mo. 309.) In a foreclosure suit the court has power, upon proper application therefor, to release the plaintiff from a purchase, set aside and open the decree, and allow a supplemental complaint to be filed bringing in the proper and necessary parties to the action. (*Boggs* v. *Hargrave*, 16 Cal. 566; 76 Am. Dec. 561; *Jeffers* v. *Cook*, 58 Cal. 150; *Bayly* v. *Muehe*, 65 Cal. 345; *Barnard* v. *Wilson*, 66 Cal. 252.) The provisions of section 473 of the Code of Civil Procedure, urged by appellant, have no application here; the statute contemplates the relief from a judgment or order upon applications made within six months from the entry of said judgment or order only by the *party against whom* the judgment or order is made, upon proper application.

HARRISON, J.— The respondent filed his complaint against Manuel Banegas, the appellant, and J. W. Lucas, for the fore-

closure of a mortgage executed to him by said Manuel, and upon the default of Lucas, and the answer of Banegas, the cause was tried and judgment rendered in favor of the respondent March 9, 1891. Upon this judgment an order of sale was issued March 14th, and the mortgaged premises sold to the plaintiff for the amount of the judgment April 6, 1891, and the order of sale and judgment returned satisfied. On the 13th of April, 1892, upon the *ex parte* application of the plaintiff in said action, respondent herein, the court made an order "that all subsequent proceedings herein after the service of summons and the return thereof upon defendants, Manuel Banegas and J. M. Lucas, be and the same are set aside, and said decree opened without prejudice to the rights of the plaintiff in said decree of foreclosure, and that plaintiff be and he is hereby allowed to file an amended and supplemental complaint herein." Thereafter the plaintiff filed an amended complaint, making Nievas Banegas a party defendant, and a summons was issued thereon and served upon Manuel and Nievas. These two defendants thereupon made a motion to set aside the aforesaid order and the summons issued therein, and to strike from the files the said amended complaint upon the grounds that the court had no jurisdiction to make the said order, and that the same had been made without any notice to the defendants or either of them. The court denied the motion, and the said defendants have appealed from the original order, and also from the order refusing to vacate the same.

Section 473 of the Code of Civil Procedure provides that the court may relieve a party "from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken." Under the provisions of a statute in New York similar to this, it is held that a party in whose favor judgment has been rendered is entitled to relief the same as though the judgment had been rendered against him; that the statute is intended to be remedial, and should receive a liberal interpretation. (*Montgomery* v. *Ellis*, 6 How. Pr. 326. See also Code Civ. Proc., sec. 4; *Downing* v. *Still*, 43 Mo. 309.)

Under the common law a court could amend, modify, or vacate its judgment at any time during the term at which it was rendered; and this power could be exercised of its own motion, and without any notice to the party affected thereby. Having the absolute control over its judgment during the term, it was immaterial whether the party had notice or not. But by the adjournment of the term the court lost all control over its judgments, unless its jurisdiction was preserved by some motion or appropriate proceeding within the term upon which the hearing might be continued to a point after the adjournment of the term. The decision upon such motion had relation to the time within the term when the motion was made, and operated as an order made at that time. This rule was established in this state at a very early day (*Baldwin* v. *Kramer*, 2 Cal. 582), and was rigidly followed until changed by statute. (*Morrison* v. *Dapman*, 3 Cal. 255; *Lurvey* v. *Wells*, 4 Cal. 106; *Carpentier* v. *Hart*, 5 Cal. 406; *Shaw* v. *McGregor*, 8 Cal. 521; *Bell* v. *Thompson*, 19 Cal. 706; *Casement* v. *Ringgold*, 28 Cal. 335.)

Under the provisions of section 68 of the Practice Act (corresponding to sec. 473, Code Civ. Proc.) as originally enacted in 1851, the court could relieve a party from a judgment taken against him only during the term at which it was rendered, but in 1853 the section was amended so as to authorize the court to relieve a party from a judgment taken against him to the extent of allowing him to answer to the merits of the original action at any time within six months after the rendition of the judgment, if he had not been personally served with the summons and a copy of the complaint. In 1866 (p. 843) the section was still further amended by providing that "when for any cause satisfactory to the court or the judge at chambers, the party aggrieved has been unable to apply for the relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court or the judge at chambers in vacation may grant the relief upon application made within a reasonable time, not exceeding five months after the adjournment of the term." The section as thus amended was re-enacted in section 473 of the Code of Civil Procedure, upon the adoption of the codes in 1872, and in 1874 the period of time within which such relief might be granted was extended to "not exceed-

ing six months after the adjournment of the term." Upon the adoption of the present constitution terms of court were abolished, and at the first session of the legislature thereafter section 473 was amended in its present form for the purpose of adapting it to the provisions of the constitution. The legislature does not attempt to define "a reasonable time," as that would depend upon the circumstances of each case, but by declaring that it shall in no case exceed six months after the judgment was taken, it has precluded the court from exercising this power in any case, unless the application therefor shall be made within six months after the judgment was taken.

In the present case the plaintiff did not make his application to set aside the judgment until more than thirteen months after its entry, and at that time the court was without authority to grant him the relief he asked. By section 1049 of the Code of Civil Procedure, the cause had then ceased to be pending in the court, and the court was without any jurisdiction to render any further judgment therein. It was said in *Carpentier* v. *Hart*, 5 Cal. 406: "Upon the adjournment of the term, the court loses all control over cases decided, unless its jurisdiction is saved by some motion or proceeding at the time, except in the single case provided by statute where the summons has not been served, in which the party is allowed six months to move to set the judgment aside. The reason for this rule is obvious. There must be some finality in legal proceedings and a period beyond which they cannot extend. The safety and tranquillity of parties require that their interest should not be constantly suspended, and their repose liable to be disturbed at any moment by the discretion of the court. . . . . The court lost all jurisdiction in the matter. The case was effectually out of court, and could not be reinstated, except, perhaps, by the consent of parties."

By the judgment as originally entered herein, the obligation of the mortgagor to the plaintiff had become fixed at a certain amount, bearing interest at the rate of seven per cent per annum. If, however, the court could at any time thereafter vacate this judgment after it had been satisfied, without any notice to the mortgagor, and re-establish the original obligation against him, bearing interest at the rate of eighteen per cent per annum, its judgment would not have been "a final determination of the

rights of the parties," and the parties to the action could never feel secure in any action of the court. For the reason that the law does not sanction such injustice, it has been wisely determined by the legislature that the court shall have no power upon a mere motion to vacate its judgment after the lapse of six months from its entry.

The orders appealed from are reversed.

PATERSON, J., and BEATTY, C. J., concurred.