[Civ. No. 316.  First Appellate District.—November 23, 1906.]

## JACOB STEEN, Respondent, v. SANTA CLARA VALLEY MILL AND LUMBER COMPANY, Appellant.

NEW TRIAL—DEFAULT IN SERVING NOTICE OF INTENTION—REFUSAL OF RELIEF—DISCRETION.—The action of the superior court in refusing an application of the party moving for a new trial to be relieved from a default in failing to serve the notice of intention to move for a new trial within ten days after service of written notice of the decision, is within the discretion of the court, and will not be disturbed upon appeal where no abuse of discretion appears.

ID.—NOTICE OF DECISION—INTERLINEATION IN MEMORANDUM OF COSTS— PRESUMPTION UPON APPEAL.—Where relief from the default was sought on the ground that the notice of decision was interlined in a blank form used as a "memorandum of costs," which was served with it, and that he was thereby misled, it may be assumed upon appeal in support of the order refusing relief that the court was satisfied from an inspection of the interlineation before it that it was not made in such a manner as to be readily overlooked, and that there was no reasonable ground for the failure of the attorney to observe the written notice of decision.

ID.—LAPSE OF SIX MONTHS AFTER DEFAULT—ABSENCE OF JURISDICTION TO RELIEVE.—Where more than six months had elapsed after the default in failing to serve the notice of intention in time, and at every stage of the proceedings, objection was urged on the ground of such default, the court had no jurisdiction at the time of settling the statement to relieve from such default, under section 473 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Santa Cruz County, denying a motion to be relieved from a default. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Carl E. Lindsay, for Appellant.

Z. N. Goldsby, and C. B. Younger, for Respondent.

HARRISON, P. J.—Appeal from an order denying the defendant's motion to be relieved from a default.

The action between the parties herein was tried by the court without a jury, and its decision in favor of the plaintiff filed and judgment entered thereon December 26, 1902; and on the same day the plaintiff served upon the defendant a memorandum of his costs and disbursements, together with a written notice of said decision, and filed the same, together with the defendant's acknowledgment of service indorsed thereon, in the office of the clerk. The said notice is in the following words: "You are hereby notified that the within memorandum of said plaintiff's costs and necessary disbursements in said action (with a copy whereof you are hereby served) has been filed with the clerk of said court and that said court has rendered its decision herein containing its findings of fact and conclusions of law." (The first portion of this notice was printed and the latter portion was interlined thereunder in writing.) To this notice the defendant's attorney had signed his acknowledgment of a receipt thereof. January 10, 1903, the defendant served upon the plaintiff and filed with the clerk a notice of its intention to move for a new trial. The plaintiff admitted service thereof, but reserved in said admission "all objections thereto, particularly that it was not served within ten days after the service of the notice of decision." Thereafter, within the time stipulated by the parties, the defendant served upon the plaintiff its proposed statement on motion for a new trial, to which the plaintiff served upon the defendant proposed amendments—plaintiff in each of said stipulations reserving the objection that the notice of intention to move for a new trial was not served in time. The matter of the settlement of the statement came on for hearing November 9, 1903, and the plaintiff made objection to its settlement upon the same ground; and the respective parties having offered evidence thereon the court held that the service of the notice of intention to move for a new trial was not within the time allowed by law. Thereafter the defendant, having given the plaintiff notice thereof, made application to the court for an order relieving it from its default in serving said notice of intention, and in support of said motion read the affidavit of its attorney and the aforesaid memorandum of costs, to-

4 Cal. App.—29

gether with the indorsement thereon. It was admitted by the defendant's attorney that the notice indorsed upon the back of the memorandum was served upon him personally at his office December 26, 1902, and that he at that time signed the said acceptance of service. In his affidavit he states that, by reason of the use of the blank form which was entitled "Memorandum of Plaintiff's Costs and Disbursements," the interlineation in writing escaped his notice, and that he did not ascertain that there was interlined therein a notice of the decision until January 10, 1903, while he was examining the papers in the cause in the office of the clerk for the purpose of taking steps for obtaining a new trial; "that said interlineation was made in such a manner as to cause the same to be readily overlooked, and by reason thereof he had not before ascertained that such notice was contained in the document"; and that he immediately on said January 10th prepared and served upon the plaintiff's attorney a notice of the intention of the defendant to move for a new trial; that said attorney admitted service thereof, but expressly reserved in said admission an objection thereto on the ground that it was not served within ten days after the service of the notice of decision.

Upon the hearing the court denied the motion, and the present appeal is from this order. "The rule has been so often declared as not to need the citation of authorities that the action of the superior court upon an application to set aside a default, or grant relief therefrom, rests so largely within its discretion that it will not be disturbed on appeal unless it shall be made clearly to appear that there was an abuse of this discretion." (*Ingrim* v. *Aperson,* 137 Cal. 340, [70 Pac. 165] ; see, also, *Winchester* v. *Black* and cases therein cited, 134 Cal. 125, [66 Pac. 197].)

1. The point relied upon by the appellant is that it was misled by the fact that the notice of decision was interlined in writing upon the printed indorsement upon the memorandum of costs, and that for this reason he did not ascertain until January 10th that such notice was upon the document. The original document, upon which this indorsement was made, as well as the interlineation therein, was before the court at the hearing of the motion; and considering that the very fact that the notice of the decision was interlined in writing upon a printed document would naturally attract

the attention of the attorney to its contents, it may be assumed in support of the order denying the motion that the court was satisfied from an inspection thereof that the interlineation was not made in such a manner as to be readily overlooked, but was of such a character as to attract attention, and that there was no reasonable ground for the failure of the attorney to observe the notice of decision written thereon.

2. The notice of the decision of the cause was given December 26, 1902, and the ten days within which the notice of intention to move for a new trial should have been given expired January 5, 1903. The default occurred when that time was allowed to elapse without giving such notice. Section 473, Code of Civil Procedure, limits the time within which application may be made for relief from such default to six months from the time of the default. The application herein was not made until December 9, 1903, and at that time the court had no jurisdiction to grant the relief. (*Brackett* v. *Banegas*, 99 Cal. 623, [34 Pac. 344]; see, also, *Latin* v. *Gillette*, 95 Cal. 317, [29 Am. St. Rep. 115, 30 Pac. 545].)

The order is affirmed.

Hall, J., and Cooper, J., concurred.