[Civ. No. 626.   First Appellate District.—May 28, 1909.]

## LOUISA S. HOWSE, Respondent, v. NORWICH UNION FIRE INSURANCE SOCIETY, etc., Appellant.

APPEAL—DISMISSAL—FAILURE TO FILE TRANSCRIPT—UNSETTLED BILL OF EXCEPTIONS—LACHES OF APPELLANT.—A motion to dismiss an appeal from the judgment for failure to file the transcript for more than five months after the appeal was perfected will be granted, notwithstanding a proposed bill of exceptions and amendments thereto remain unsettled, where it is shown that more than six months have elapsed since the amendments were proposed, and that appellant's attorney never filed the same with the clerk, nor presented the same to the judge for settlement, nor notified respondent's attorney of any proceeding for settlement thereof.

ID.—EVASIVE STATEMENT IN APPELLANT'S AFFIDAVIT—BELATED MOTION TO RESTORE PROPOSED BILL OF EXCEPTIONS TO RECORD FOR SETTLEMENT.—Where appellant's affidavit did not state that the proposed bill of exceptions and amendments were ever left with the clerk or presented to the judge of the court (the proof for respondent being to the contrary), and it only evasively stated arguendo by implication that there was at one time a bill of exceptions in the record, by setting forth a belated motion, made after the right to a settlement was apparently lost, to restore the proposed bill of exceptions to the record for settlement, which motion was stated to have been denied, and the order denying it appealed from, such affidavit cannot have any probative force to show the pendency of a proceeding for the settlement of any bill of exceptions.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

T. C. Van Ness, for Appellant.

Joseph Hutchinson, for Respondent.

HALL, J.—This is a motion to dismiss an appeal taken by defendant from a judgment against it.   The notice of motion was served and filed December 18, 1908, and states that the motion will be made on the ground that no transcript on appeal has been filed in this court, though more than five months have elapsed since the perfecting of the appeal.

Rule II of this court [78 Pac. vii] requires that such transcript be filed within forty days after the perfecting of the appeal, unless there is pending a proceeding for the settlement of a bill of exceptions, or a statement which may be used in support of such appeal.

Respondent served with his notice of this motion an affidavit of his attorney, showing that appellant on June 15, 1908, served on him its proposed bill of exceptions, to which respondent proposed and served on appellant within five days thereafter amendments thereto, and "that more than six months have elapsed since said proposed amendments were served, as above upon defendant's attorney, and defendant's attorney has not during all said period had said bill of exceptions, or any bill of exceptions, settled or allowed, or filed the same with the court or with the clerk of the court for settlement or allowance, or given plaintiff or plaintiff's attorney of record any notice of proceedings for the settlement of said or any bill of exceptions."

Respondent also served a copy of the certificate of the clerk, showing among other things that no bill of exceptions had ever been filed or allowed.

The only attempt by appellant to meet the statement of fact that no bill of exceptions has ever been filed with the clerk or the court is contained in an affidavit presented at the hearing on this motion, which utterly fails to directly affirm that any bill of exceptions was ever left either with the clerk or the judge of the court.   It does allege that on the ninth day of January, 1909, defendant served and filed a notice of motion to restore to the records of said court its proposed bill of exceptions, and for a settlement thereof, and that said motion was subsequently denied, and an appeal taken from the order of denial.   It may be said *arguendo* that this motion to restore to the records a bill of exceptions presupposes that there was in the records at some time a bill of exceptions.   It however is certainly not a statement that such bill was ever left

either with the clerk or the judge of the court as the law requires. In the face of the evidence contained in the affidavit and certificate presented on behalf of respondent, to the effect that no bill has ever been filed, we do not think the evasive statement in the affidavit presented on behalf of appellant should be given any probative force to show the pendency of a proceeding for the settlement of any bill of exceptions. Unless the bill was presented before July, 1908, or the right to settlement kept alive by consent, the right to a settlement was lost before the notice of January 9, 1909, was given. (See *Moultrie* v. *Tarpio,* 147 Cal. 376, [81 Pac. 1112].)

The appeal is therefore dismissed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 27, 1909.