[Civ. No. 1201.    Third Appellate District.—June 13, 1914.]

## L. A. HARBAUGH, Respondent, v. LASSEN IRRIGATION COMPANY (a Corporation), Appellant.

APPEAL—DELAY IN PREPARING BILL OF EXCEPTIONS—DISMISSAL OF APPEAL.—Where a proposed bill of exceptions is withdrawn by stipulation on the day of its presentation for settlement and the respondent allowed thirty days to prepare amendments thereto, but no further steps are taken for five years by the appellant to procure the settlement of the bill, the appeal will be dismissed on motion.

ID.—PROCEEDING PENDING FOR SETTLEMENT OF BILL OF EXCEPTIONS.—In such case there is no "proceeding pending for the settlement of a bill of exceptions" within the meaning of the provision of rule 2 of the supreme court that "if a proceeding is pending for the settlement of a bill of exceptions or statement which may be used in support of such appeal, the time aforesaid shall not begin to run until the settled and authenticated statement or bill of exceptions has been filed." The effect of the stipulation for the withdrawal of the proposed bill was the same as if the bill had never, as a matter of fact, been presented for settlement as provided by section 650 of the Code of Civil Procedure.

ID.—WRONGFUL POSSESSION OF BILL OF EXCEPTIONS BY RESPONDENT—DUTY OF APPELLANT.—If counsel for the respondent took possession of the original bill of exceptions as proposed by the appellant and wrongfully kept the custody thereof for an unreasonable time, still it was the duty of the appellant, as the actor in the proceeding looking to the preparation of his appeal, to move promptly and diligently in the matter and take such steps as might have been necessary for the preservation of the integrity of the proceeding for the proper settlement and authentication of the record on appeal.

APPEAL from a judgment of the Superior Court of Lassen County.    F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

W. F. Williamson, for Appellant.

Martin S. Vilas, for Respondent.

HART, J.—This is a motion by the respondent to dismiss the appeal taken herein from the judgment entered in his

favor and against the appellant by the superior court of Lassen County for the sum of five hundred dollars and costs.

An opinion in which it was held that the motion ought to be granted was filed in this court on April 23, 1914, and judgment entered in this court accordingly on said day. Prior to and at the time of the filing of said opinion, there was no countershowing of any character by the appellant, and consequently the facts set forth in the affidavits filed by the respondent and upon which he rested his motion to dismiss the appeal stood uncontradicted. But within a brief time after the filing of said opinion, to wit, on the twenty-fifth day of April, 1914, a written stipulation, signed by the attorney for the respondent, was filed in this court, and therein it was stipulated that the attorney for the appellant might have to and including the fourth day of May, 1914, within which to file its brief upon the respondent's motion to dismiss the appeal. At the same time, appellant filed with the record here a number of affidavits in rebuttal of the facts alleged in the affidavits upon which the respondent based said motion.

In view of the stipulation of counsel for the respondent, extending the time within which the appellant might file its brief and of the filing of the counter affidavits by the appellant, and preferring to decide the motion upon a record fully disclosing the history of the controversy from the viewpoints of both parties thereto, an order was made by this court, on the said twenty-fifth day of April, 1914, setting aside the former judgment herein, thereby reopening the proceeding for further consideration. The motion to dismiss the appeal is, consequently, now before us upon the record made up since the filing of the first opinion.

The grounds of the motion, as set forth in the notice thereof, are: 1. That the notice of appeal was not served on the plaintiff or his attorney; and, 2. That the appellant has failed to prosecute said appeal with diligence and has not filed a transcript of the record on appeal within the time limited by rule 2 of the rules of this and the supreme courts.

The facts as revealed by the affidavits and certificate of the clerk of the superior court in and for the county of Lassen, filed by the respondent in support of the motion, are: On the sixteenth day of October, 1907, the said superior court

of Lassen County "made and entered its judgment in the above entitled action wherein L. A. Harbaugh is plaintiff and Lassen Irrigation Company, a corporation, is defendant, in favor of the said plaintiff, and against the said defendant, for the sum of $500.00, and plaintiff's costs incurred in said action, taxed at $86.95; and that on the said 16th day of October, 1907, the said judgment was duly filed and entered therein and recorded in book 'D' of Judgments, at page 305''; that, on the 21st day of October, 1907, W. F. Williamson, Esq., attorney of record for the said defendant, filed in said court a notice of appeal to the district court of appeal for the third appellate district from said judgment and the whole thereof; that the said original notice of appeal contains no written acknowledgment of service or other evidence of service of the same upon the plaintiff or his attorney, "and that no evidence of service of said notice of appeal upon the plaintiff or his attorney has been filed in said action"; that, on the twenty-first day of October, 1907, an undertaking on appeal, in due form, was filed in said court and cause; that, on the twenty-first day of October, 1907, there was filed in said court and cause an order by the judge of said court granting the defendant in the said cause twenty days' time in addition to the time allowed by law, "and the thirty days theretofore allowed by the plaintiff to said defendant, within which to prepare, serve and file its proposed bill of exceptions in said cause"; that thereafter (December 16, 1907, and February 6, 1908), the court made two other orders, whereby the time within which the defendant might prepare, serve, and file its proposed bill of exceptions was further extended. The clerk of the court declares, in his certificate filed here, that "no bill of exceptions, statement on motion for a new trial or other bill or statement has at any time been presented to me as clerk of said court for the judge of said court, or other purpose or reason; that the appellant in said action has not at any time requested the clerk of said court to certify to a correct transcript or any transcript of the record on appeal in said action; nor is there any record in my office that any bill of exceptions, statement on motion for a new trial, or other bill or statement, has been presented to said court for settlement, nor that any bill of exceptions has ever been settled or allowed by this court."

The affidavits of W. F. Williamson and W. W. Sanderson, attorneys for the appellant, and William E. Miles, secretary of the defendant, declare that said bill of exceptions was presented for settlement to the judge who tried the case on the eighth day of April, 1908; that the matter of the settlement of the said bill was then taken up on the twentieth day of May, 1908, and then postponed to the twenty-second day of May, 1908; that, on the last named date, said Sanderson, who personally conducted said proceeding on behalf of appellant, "again presented the bill of exceptions to the judge for settlement, and some question having then arisen as to the manner in which certain exhibits should be incorporated into said bill, the court ordered that N. J. Barry, Esq., the attorney for the plaintiff and respondent in this cause, should be allowed to take with him the original bill of exceptions and the transcript of testimony and certain exhibits and papers in the said action to his office in Reno, in the state of Nevada, and examine the same there and report what portions of said exhibits he desired inserted in the said bill of exceptions." Sanderson proceeded to depose that, at the same time, said Barry stipulated that the said bill of exceptions had been served in the time provided by law, and asked and was granted a stipulation allowing him thirty days from said twenty-second day of May, 1908, within which to prepare certain amendments to said bill of exceptions.

The affidavit of N. J. Barry admits that the bill of exceptions in this cause was served upon him on the twenty-ninth day of January, 1908, but denies that said Barry "took the bill of exceptions from the records of Lassen County" at any time, or that he ever had such original bill of exceptions, or that he ever took the exhibits or any of them referred to in the affidavits filed by the appellant.

There is, as will be seen, a direct conflict arising in the affidavits upon the question whether Barry at any time took the bill of exceptions to his office, in Reno, Nevada, but we think it is immaterial, so far as the decision of this motion is concerned, whether he did or did not.

Rule II of the supreme court, [160 Cal. xlii, 119 Pac. ix] provides that the appellant in a civil action shall, within forty days after an appeal is perfected, serve and file the tran-

script of the record duly certified to be correct by the attorneys of the respective parties, or by the clerk of the court from which the appeal is taken. "If a proceeding is pending for the settlement of a bill of exceptions or statement which may be used in support of such appeal, the time aforesaid shall not begin to run until the settled and authenticated statement or bill of exceptions has been filed."

The appellant here contends that, during all the years since it proposed and served upon the respondent its bill of exceptions in this action, there has been and is still now pending a proceeding for the settlement of the said bill of exceptions, which is to be used in support of its appeal herein.

It cannot, in our opinion, from the facts stated in the affidavits filed herein by the appellant in resistance to this motion, be held that a proceeding for the settlement of the bill of exceptions in this action is still pending or was pending at the time of the institution of proceedings on this motion.

Section 650 of the Code of Civil Procedure provides: "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, at any time thereafter, and within ten days after the entry of judgment, if the action was tried with a jury, or after receiving notice of the entry of judgment, if the action was tried without a jury, or such further time as the court in which the action is pending, or a judge thereof, may allow, prepare the draft of a bill, and serve the same, or a copy thereof, upon the adverse party. . . . Within ten days after such service the adverse party may propose amendments thereto, and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must, within ten days thereafter, *be presented by the party seeking the settlement of the bill,* to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk for the judge." Or, where (so proceeds the same section), no amendments are served, or if served, are allowed, the proposed bill may be presented, with the amendments, if any, to the judge or referee, for settlement without notice to the adverse party. Said section further provides that when the bill is received by the judge for settlement, he must desig-

nate the time at which he will settle the bill, "and the clerk must immediately notify the parties of such designation. At the time designated, the judge must settle the bill."

It will be observed that, before the judge can, or, indeed, has the right to designate a time or take any other legal steps looking to the settlement of the bill, the same must first have been presented to him for that purpose. The mere delivery of the bill to the judge pending the time allowed by law or by the stipulation of the parties within which amendments might be proposed and before the same had been proposed, there being no agreement by the parties that the bill might be so presented, would not be a presenting of the bill to the judge for settlement, for, in such case, the judge would have no legal right to fix or designate a day for its settlement or to settle it. It will be further observed that said section makes it necessary for the party seeking the settlement of the bill of exceptions—in other words, the party taking the appeal and desiring and intending to use such bill in support of his appeal—to present the bill, with any amendments proposed thereto, to the judge who tried the case, or to the clerk for the judge, for settlement. Or, where no amendments are served, it is likewise the duty of such party to present such bill for settlement, as provided. "Compliance with this requirement is essential to the right of a party to have his bill of exceptions settled, and if he fails to so comply, his right is gone, unless he be relieved from the effect of such failure by the trial court under the provisions of section 473 of the Code of Civil Procedure, on account of 'mistake, surprise, or excusable neglect.'" (*Moultrie* v. *Tarpio,* 147 Cal. 376, [81 Pac. 1112].)

Although, as seen, it appears from the affidavit of W. F. Williamson that the bill of exceptions was presented for settlement to the Hon. F. A. Kelley, then judge of the superior court of Lassen County, on or about the seventh day of April, 1908, it further appears, as we have shown, from the affidavit of W. W. Sanderson, who was then associated with said Williamson in the practice of law, that, on the twenty-second day of May, 1908, he (Sanderson) being in attendance on the session of the superior court of Lassen County before the Hon. F. A. Kelley, then judge of said superior court, both in the matter of the settlement of said bill of excep-

tions and concerning other matters and trials set for said day, presented said bill of exceptions for settlement, "and some question having been raised as to the manner in which certain exhibits should be incorporated into said bill of exceptions, the court ordered that N. J. Barry, Esq., the attorney for the plaintiff and respondent in this cause, should be allowed to take with him the original bill of exceptions and the transcript of the testimony and certain exhibits and papers in the said action, to his office in Reno, and examine the same there and report what portions of said exhibits he desired inserted in the said bill of exceptions. Said Barry at the same time . . . *asked and was granted a stipulation allowing him thirty days from said 22nd day of May, 1908, within which to prepare certain amendments to said bill of exceptions.* That said stipulations were entered into and the said order made in the courtroom of said superior court of Lassen County, in the city of Susanville, on the 22nd day of May, 1908. Affiant thereupon returned to San Francisco, reported said action and proceedings to said W. F. Williamson, and has no further knowledge and taken no further action in the said matter since said date."

It will thus be seen that, even though it be true that the bill was by the appellant presented to the judge for settlement on the seventh day of April, 1908, such presentation was in effect withdrawn or waived and ceased to operate when, on the twenty-second day of May, thirty days' additional time from said date within which he might propose amendments to said bill was allowed the respondent by the agreement and stipulation of the appellant. The effect of said stipulation was the same as if the bill had never, as a matter of fact, been presented for settlement as provided by section 650 of the Code of Civil Procedure. It follows, as before stated, that, at the time this motion was filed, there was no proceeding pending for the settlement of the bill of exceptions. And it is obvious that the time within which the appellant might, under section 473 of the Code of Civil Procedure (viz.: six months) have obtained relief from the effect of its default in the matter of presenting its bill for settlement within the time provided by the statute has long since passed. Indeed, over five years have elapsed since the expiration of the time within which the appellant might have

sought relief from the effect of its default under said section 473 of the Code of Civil Procedure.

As is said in *Moultrie v. Tarpio,* so the facts as admitted by the appellant warrant us in saying is true here: "The rule of this court quoted above (rule II) contemplates a proceeding for a settlement that is alive, at least to the extent that it is being in some degree pressed by the appellant. Ordinarily this court would not undertake to determine, on a motion to dismiss an appeal, whether or not a party had so failed to comply with the requirements of the law in regard to the settlement of a bill of exceptions, that his pending proceeding for such settlement must ultimately fail, but would leave that question to be determined by the trial judge, subject to a review on appeal. But where, as here, the facts are not in dispute, and it is apparent that no bill can ever be settled, and that the appellant has long since practically abandoned his proceeding for the settlement of any such bill, we are satisfied that it should not be held that there is a 'proceeding pending for a settlement of a bill of exceptions,' within the meaning of the rule."

In this case, even if be true that counsel for the respondent took possession of the original bill of exceptions as proposed by the appellant and wrongfully kept the custody thereof for an unreasonable time, still it was the duty of the appellant, as the actor in the proceeding looking to the preparation of his appeal, to move promptly and diligently in the matter and take such steps as might have been necessary for the preservation of the integrity of the proceeding inaugurated by it for the proper settlement and authentication of its record on appeal. No such steps seem to have been taken, unless it may be said that certain letters addressed to the respondent's attorney by the attorney for the appellant requesting him to proceed to present any amendments he desired to propose to the bill may be treated as such, but, obviously, under the circumstances disclosed here, the burden was upon the appellant, as the actor in the proceeding, to go further than merely to appeal to the adverse party to hasten the settlement of the bill.

Under the circumstances above stated, no other course is open to us but to dismiss the appeal. As has been shown herein, the appellant, in practical effect, over five years ago

abandoned the proceedings essential to the prosecution of its appeal by failure to pursue the legal steps necessary to the preparation and the filing in this court of the record essential to a hearing thereon. "There can be no doubt of the inherent right of this court to dismiss an appeal under such circumstances." (*Moultrie* v. *Tarpio,* 147 Cal. 376, [81 Pac. 1112].)

In view of the conclusion thus arrived at, it is not necessary to notice the first point suggested above and urged by the respondent in support of the motion, viz.: That the notice of appeal was not served upon him.

The motion to dismiss the appeal herein is granted.

Chipman, P. J., and Burnett, J., concurred.