[Civ. No. 1837.   First Appellate District.—May 12, 1916.]

## W. S. VAN COTT, Respondent, v. MARSHALL A. FRANK, Appellant.

NEW TRIAL—STATEMENT OF CASE—FAILURE TO PRESENT IN TIME—MOTION FOR RELIEF—LACK OF JURISDICTION.—Where a default in presenting a proposed statement on motion for a new trial, with the amendments thereto, has continued for a period of more than six months after the time prescribed by section 650 of the Code of Civil Procedure within which such papers must be presented, the trial court has no jurisdiction to relieve the party from the default.

ID.—CONSTRUCTION OF SECTION 473, CODE OF CIVIL PROCEDURE.—Section 473 of the Code of Civil Procedure applies to defaults in presenting a statement of the case on motion for new trial, and limits the time within which application may be made for relief therefrom to six months from the time of default.

APPEAL from an order of the Superior Court of the City and County of San Francisco dismissing defendant's motion for a new trial, and from an order refusing to relieve the defendant from his default in not having presented his bill of exceptions or statement of the case within the time provided by law.   George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Samuel Rosenheim, and H. B. M. Miller, for Appellant.

George F. Hatton, Hartley F. Peart, and Gus L. Baraty, for Respondent.

RICHARDS, J.—There are two appeals presented in this record—one from an order of the trial court dismissing the defendant's motion for a new trial upon the ground that no bill of exceptions or statement of the case had been presented or settled; and the other from an order of the court refusing to relieve the defendant from his default in not having presented such bill of exceptions or statement of the case within the time required by law.

The facts as disclosed by the record are these: On August 20, 1912, judgment was entered in plaintiff's favor. Thereafter and on August 28, 1912, the defendant served and filed his notice of intention to move for a new trial, and on December, 1912, duly served upon the plaintiff his proposed statement on motion for a new trial. On September 4, 1913, to which date his time had been duly extended, the plaintiff served upon the defendant his proposed amendments to said statement. Nothing further was done in the matter until March 17, 1914, when the plaintiff served and filed a notice of motion to dismiss the defendant's motion for a new trial upon the ground that the proposed statement and amendments thereto had not been presented for settlement within the time required by law. The defendant appeared in resistance to said motion, presenting certain affidavits excusing his delay, and also and a few days later served and filed a motion for relief from his default and from the plaintiff's motion to dismiss predicated thereon, basing his said motion for relief upon the affidavits already on file. The court refused to grant this latter motion upon the sole ground that it had no jurisdiction to consider it; and thereupon granted the plaintiff's motion to dismiss defendant's motion for a new trial upon the grounds stated.

The appellant contends that the trial court was in error in holding that it had no jurisdiction to grant the defendant's motion for relief under section 473 of the Code of Civil Procedure; and in that behalf he urges that the proceedings against which he was seeking relief was that of the plaintiff's motion to dismiss the defendant's appeal. But we cannot

accept this view; for, conceding that the defendant's uncontradicted affidavits furnished a sufficient excuse for delay in not presenting his statement and the amendments thereto for settlement within the time required by law, still it was his default in not having done so that he was seeking to excuse and obviate by his affidavits and motion; and since that default had continued for a period of more than six months after the time prescribed by section 650 of the Code of Civil Procedure within which such papers must be presented, the trial court could not grant the relief sought by said motion. This court has held in a number of well-considered cases that section 473 of the Code of Civil Procedure, applies to such defaults, and limits the time within which application may be made for relief therefrom to six months from the time of the default; and that after the expiration of such time limit the court has no jurisdiction to grant such relief (*Steen* v. *Santa Clara Valley M. & L. Co.*, 4 Cal. App. 448, [88 Pac. 499]; *Howse* v. *Norwich etc. Fire Ins. Co.*, 10 Cal. App. 712, [103 Pac. 156]; *Harbaugh* v. *Lassen Irrigation Co.*, 24 Cal. App. 773, [142 Pac. 847]).

It follows that the court was not in error in refusing to grant the motion for the defendant for relief against his default; and it therefore necessarily follows that the court was justified in dismissing the defendant's motion for a new trial.

The orders appealed from are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 10, 1916.