[Civ. No. 7648.    Fourth Dist.    July 20, 1964.]

WILLIAM F. DAVIES, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; TU-VU DRIVE-IN CORPORATION, Real Party in Interest.

Casey, McClenahan & Christensen and Walter P. Christensen for Petitioner.

No appearance for Respondent.

Holt, Macomber & Rhoades and J. A. Rhoades for Real Party in Interest.

McCABE, J., pro tem.*—William F. Davies, a licensed and practicing attorney in this state, seeks a writ of mandate requiring the superior court to quash the service of summons upon him.

On January 8, 1963, an action was filed in the superior court naming petitioner Davies as one of the defendants. Other defendants in the same action were represented by Davies. On January 21, 1963, plaintiff voluntarily filed a dismissal without prejudice of defendant Davies. In the action against the remaining defendants, a pretrial conference was held in June 1963 and the case set for trial in October 1963. In October a written stipulation was filed to continue the trial date to December 1963. On November 7, 1963, petitioner Davies was served with a copy of the summons and

---

*Assigned by Chairman of Judicial Council.

complaint. Following this and on November 13, 1963, the court entered an ex parte order setting aside the dismissal of Davies. Subsequently and on November 21, 1963, a pretrial order was made vacating the pretrial order of June 1963. Later, and on November 26, 1963, the matter was taken off calendar. Davies, for himself, made no formal appearance in the case. There is a letter dated November 15, 1963, from plaintiff's counsel to Mr. Davies informing Mr. Davies he had an open extension in which "to answer the complaint and amendment thereto served on you on November 7, 1963."

In January 1964, plaintiff substituted the attorneys now appearing on this appeal as its attorneys in place and stead of prior counsel of record.

On March 30, 1964, attorneys for the plaintiff sent a letter to the attorneys then representing Mr. Davies requesting them to file by April 15, 1964, Mr. Davies' "appropriate pleadings" to the plaintiff's complaint. On April 10, 1964, Davies filed a motion to quash the service of summons upon the ground that the court had no jurisdiction. The motion came on for hearing on April 20, 1964, and was denied. Davies then filed this petition for writ of mandate.

There is an area wherein the clarity of facts is diffused by varied statements. Petitioner Davies contends that he had no notice of the motion to set aside the dismissal; there was no formal motion to dismiss; there was no affidavit filed and he had no notice of the order setting aside the dismissal. Plaintiff recites that Davies was present in the judge's chambers at a pretrial hearing on November 15, 1963, when the November 13 order was discussed. Further, plaintiff contends there was a formal motion made to set aside the dismissal, but also states it was oral.

By affidavit, the attorney for plaintiff who is also the secretary of plaintiff corporation, states that while doing research in preparation for trial he found cases indicating Davies must be a party to the action else the desired judgment could not be obtained. From the affidavit it is uncertain when this revelation took place. After the discovery, plaintiff's attorney presented the facts to a judge and the judge on November 13, 1963, granted the request to set aside the dismissal of Davies. In the fall of 1963 and prior to November 7, 1963, plaintiff's counsel was aware that the statute of limitations would bar the action against Davies.

Davies' position on this petition is: (1) Having

once voluntarily dismissed him plaintiff cannot pursue the present action against him; (2) the court under the proceedings taken had no power to reinstate the action against him; and (3) the court had no jurisdiction to order the setting aside of the dismissal.

In opposition plaintiff takes the position that: (1) After the dismissal, Davies was a stranger to the action and thus was in a status whereby personal service upon him would bring him into the action; (2) Davies was a stranger and therefore not entitled to any notice of motion to set aside the dismissal; (3) under Code of Civil Procedure, section 937 no notice of motion to set aside the dismissal was necessary; (4) if Davies was entitled to notice his remedy was to appeal from the November 13, 1963, order; (5) Davies should appear, by answer, and set up the dismissal as a bar to the action; (6) by obtaining a stipulation for extension of time to answer Davies appeared generally; and (7) since the statute of limitations as to Davies expired on December 22, 1963, and by Davies' orally requesting an open extension he should be estopped to assert the "Statute of Limitations" as a defense.

The nature of the proceeding on November 13, 1963, is not defined by plaintiff, but it must have been one under Code of Civil Procedure, section 473. Plaintiff attempts to dignify the dismissal without prejudice entered on January 21, 1963, as an order made out of court and therefore Code of Civil Procedure, section 937, would apply to allow this court on November 13, 1963, to set aside the dismissal. Such dignity cannot be afforded the January 21, 1963, dismissal. There is no showing before this court that the dismissal was entered by order of court. Quite to the contrary, the affidavit of plaintiff's attorney states he filed the dismissal on January 21, 1963. Obviously, plaintiff's attorney filed with the clerk of the court the dismissal under the authority of Code of Civil Procedure, section 581. This being true, section 937, *supra*, has no application.

Section 473, Code of Civil Procedure, in part, provides: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief ... must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken."

The history of this section of our code stems from the common law. It was codified into the New York law and when California became a state the same provisions were enacted into the Practice Act and later into the Code of Civil Procedure.

As to the provision regarding reasonable time and no later than six months for the filing of the application for relief, it may be briefly stated that when the courts had terms, the application had to be made during the term of the court wherein the judgment or order was entered. Later, and in those geographical areas where there was no term of court, the time to file was stated as being a reasonable time. At an early date, the provision regarding reasonable time and not later than six months became a part of our statutory law. (See *Brackett* v. *Banegas*, 99 Cal. 623 [34 P. 344]; *Palace Hardware* v. *Smith*, 134 Cal. 381 [66 P. 474].)

No citation has been submitted to us and we have found no judicial interpretation of this particular provision which allows a party to seek relief within this enactment after the expiration of six months.

The law today is the same as stated in *Brackett* v. *Banegas*, *supra*. In the *Brackett* case, plaintiff brought an action to foreclose a mortgage which had been executed by M.B. & L. Each was served with summons and complaint. After L. defaulted, the case was tried on March 9, 1891, and a judgment entered in favor of plaintiff against M.B. Under the judgment the property was sold to plaintiff. Approximately 13 months later, plaintiff sought and obtained an order ex parte that all proceedings after the service of summons were set aside without prejudice to plaintiff. By a filed amended complaint, N.B. was made a party to the action. A copy of the summons issued after the filing of the amended complaint and the complaint, so amended, was served on N.B. and M.B. N.B. and M.B. then moved the court to set aside the order and to strike the amended complaint on the grounds, among others, that the court did not have jurisdiction. The motion was denied. On the appeal, the appellate court had before it the identical provision as to time that is presently part of our statutory law. In holding the six months' provision was controlling and the trial court had no jurisdiction after that time, the court said: " 'There must be some finality in legal proceedings and a period beyond which they cannot extend. The safety and tranquillity of parties require that their interest should not be constantly suspended, and their repose

liable to be disturbed at any moment by the discretion of the court. .... ' [T]he court [had] no power upon a mere motion to vacate its judgment after the lapse of six months from its entry.''

■ The same reasoning must apply here to the dismissal entered by the plaintiff. Even though there was a showing of compliance in all other particulars with the provisions of section 473, *supra*, plaintiff has placed itself outside the relief allowed under Code of Civil Procedure, section 473.

Since plaintiff was required by our pretrial rules to be prepared to present its legal and factual contentions at the pretrial hearing, and which hearing was within the six months' period, it is clear that either (1) it was not prepared for the pretrial conference, or (2) being prepared, delayed the procedure to set aside the dismissal until too late. We cannot be concerned with these matters.

Plaintiff next postulates that after the order setting aside was granted and after Davies knew of the order, it granted to Davies an extension of time to file appropriate pleadings; therefore there was a general appearance by Davies.

The circumstances surrounding the November 15, 1963, letter, appear to be that at or about November 13, 1963, Davies and the attorney for the plaintiff discussed an extension of time. Attorney for plaintiff verbally agreed to give Davies an open extension of time in which to answer. Davies indicated to the plaintiff's attorney that he, Davies, could not rely upon an oral agreement which indication resulted in the November 15, 1963, letter being sent to Davies.

■ The letter of November 15, 1963, from plaintiff to Davies was not signed by Davies nor are we made aware of any verbal or written agreement by which Davies agreed to make an appearance. The only effect of the letter was to grant Davies an open extension of time to answer. Davies did not stipulate or agree to anything and he did nothing until April 1964. Even if there be a verbal agreement to appear or the letter constituted a stipulation it would not be a general appearance under the law as it existed at that time.

Code of Civil Procedure, section 416.1 entitled: ''Notice of Motion to Quash Service of Summons ...'' in effect in September 1963 reads in part as follows: ''Neither an application to the court by any defendant ... for an extension of time ... nor entering into a stipulation of the parties for such extension, shall constitute a general appearance by said defendant. .... ''

Since the six months' limitation under section 473 had expired and Davies not having made a general appearance the trial court lacked jurisdiction. Petitioner Davies is entitled to a writ of mandate.

Let the writ issue.

Coughlin, Acting P. J., and Brown (Gerald), J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied September 18, 1964.