[Civ. No. 8580.   Fourth Dist., Div. One.   Feb. 23, 1967.]

SANTA CATALINA ISLAND COMPANY, Petitioner, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent; BRUCE R. BEST, a Minor, etc., et al. Real Parties in Interest.

Betts & Loomis and Ingall W. Bull, Jr., for Petitioner.

No appearance for Respondent.

Archer Zamloch and Jack E. Reeves, for Real Parties in Interest.

BROWN (Gerald), P. J.—On June 17, 1964, Bruce R. Best et al., filed a personal injury action against Press-Enterprise Company, a California corporation, Edward G. Robinson, Gordon L. Primmer and various Does. The named defendants answered. A pretrial conference order, filed January 6, 1966, dismissed all fictitious parties. On September 20, 1966, by stipulation, plaintiffs and the named defendants obtained an order amending the pretrial conference order to read: "The action is dismissed as to all fictitious parties except Doe I and Doe II."

Petitioner Santa Catalina Island Company, served with summons and complaint as a doe defendant, then made a special appearance, moving to quash service for lack of jurisdiction. The motion was denied. Petitioner now seeks a writ of mandate.

Petitioner contends the September 20, 1966 order setting aside the dismissal of all fictitious defendants is void because not sought within six months following the dismissal, as allegedly required by Code of Civil Procedure, section 473, citing *Davies* v. *Superior Court*, 228 Cal.App.2d 535, 538, 541 [39 Cal.Rptr. 693]. In *Davies* this court held, in substance, a dismissal based on the written request of plaintiff under Code of Civil Procedure, section 581, becomes final unless a motion to set it aside is made within six months following entry. (Code Civ. Proc., § 473.) *Davies* and section 581, however, are not applicable; dismissal here was part of pretrial conference procedure and was not accomplished by plaintiff's independent written request.

The California Rules of Court provide all fictitiously named defendants not served with process may be dismissed from a case at pretrial conference (rule 211); the pretrial conference order shall contain:

". . . . . . . . . . . .

"(2) A concise and descriptive statement of every ruling and order of the judge of the pretrial conference." (Rule 214.); the order becomes a part of the record in the case upon filing. (Rule 216.)

Code of Civil Procedure, section 576 states: "Any judge, at any time before or after commencement of trial, in the

furtherance of justice . . . may allow the amendment of any . . . pretrial conference order.''

Section 576 authorizes the superior court to amend the original pretrial conference order with its order reinstating Does I and II.

Writ denied.

Coughlin, J., and Whelan, J., concurred.