[Civ. No. 24444.   First Dist., Div. Two.   Aug. 22, 1968.]

HORTENSE M. GILMORE, Plaintiff and Appellant, v. LICK FISH & POULTRY, INC., Defendant and Respondent.

Carroll, Davis, Burdick & McDonough, Philip Paul Bowe and Thornton C. Bunch, Jr., for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant and Respondent.

SHOEMAKER, P. J.—On September 10, 1963, plaintiff sued to recover damages for personal injuries allegedly sustained on October 18, 1962, in a fish and poultry market. Plaintiff stated that her injuries were caused by the negligent conduct of defendant Luigi Sesto while acting within the scope of his employment by defendant Excelsior Fish and Poultry, which allegedly owned and operated the market. Defendant Excelsior's liability was predicated upon a respondeat superior theory and, in addition, upon its independent negligence in maintaining an unsafe condition within its market. Also named as defendants were the Stonestown Corporation, which allegedly owned the premises occupied by defendant Excelsior's market, and Does I through VI. The complaint contained no charging allegations as against the Does, but merely stated that plaintiff "prays leave to amend her complaint herein to show the true names when the same become known to her, along with appropriate charging allegations."

On October 17, 1963, plaintiff duly amended her complaint as follows: "That plaintiff has joined defendants Doe One, Doe Two, and Doe Three for the reason that she does not know their true names and if it so develops that they or any of them was the employer, or any employer, of Luigi Sesto on October 18, 1962 at the time of the accident alleged herein

that plaintiff may when the true names of said defendants be ascertained insert said true names in her complaint with apt and proper words to charge said defendants. . . ."

On October 30, 1963, defendants Sesto and Excelsior filed a joint answer to the complaint and amendment, denying the material allegations thereof, including the allegation that defendant Excelsior was the owner and operator of the market where plaintiff was injured.

On January 29, 1964, defendant "Stoneson Development Corporation" also answered, admitting that it was the owner of the real property where plaintiff's accident occurred and alleging that said property was leased to Lick Fish & Poultry, a corporation, on the date of the accident.

The pretrial conference order, filed on July 29, 1965, stated that counsel for plaintiff, for Sesto and Excelsior and for Stonestown Corporation, had all appeared at the pretrial conference held on July 19, 1965. The order contained a provision that "The complaint is hereby dismissed as against the fictitious defendants." The order also provided that plaintiff might take a deposition of an officer of defendant Excelsior prior to August 31, 1965.

On October 20, 1965, plaintiff moved for an order modifying the pretrial conference order to reinstate certain of the fictitious defendants and for permission to amend her complaint so as to substitute Lick Fish & Poultry, Inc., as a defendant in place of the fictitious defendant, Doe I.

In support of this motion, plaintiff filed her attorney's affidavit, which asserted that plaintiff's original complaint had been filed at a time when she was ignorant of the true name of defendant Sesto's employer and mistakenly believed it to be Excelsior Fish and Poultry; that subsequently and less than one year from the date of her accident, plaintiff sought to protect herself against the possibility that Excelsior Fish and Poultry was not the correct name of defendant's employer by amending her complaint so as to designate fictitious defendants for whom she might ultimately substitute the correct name of Sesto's employer; that plaintiff and her attorney were still concerned with this problem on July 19, 1965, when the pretrial conference was held, and requested and obtained from the judge presiding at the pretrial conference the right to take a deposition for the purpose of ascertaining the true name of Sesto's employer; that the matter was discussed by the opposing attorneys during the pretrial conference and defendants' attorney asserted that he would try to make the

desired information available to plaintiff's attorney; that thereafter, by letter of August 20, 1965, said attorney advised plaintiff's counsel that Excelsior Fish and Poultry was not a corporation and had never done business at the location of plaintiff's accident and that Lick Fish & Poultry, Inc. was the only operator at Stonestown; and that he represented Lick Fish & Poultry, Inc., but that he would not stipulate to plaintiff's proposed amendment naming said corporation as a defendant because he believed there was an issue as to the statute of limitations.

By order of November 16, 1965, the pretrial judge granted plaintiff's motion to amend the pretrial conference order and the complaint so as to substitute Lick Fish & Poultry, Inc. as a defendant in place of Doe I.

On December 1, 1965, plaintiff filed a "4th Amendment to Complaint," thereby "inserting the true name Lick Fish and Poultry, Inc. as a defendant in the place and stead of the fictitious name Doe I, and . . . adding the phrase 'and defendant Lick Fish & Poultry Inc. and each of them', immediately after the names Excelsior Fish and Poultry or Excelsior wherever they appear in said Complaint as amended."

On June 30, 1966, defendant Lick Fish & Poultry, Inc. demurred generally to the complaint, as amended, on the grounds that it was barred by the statute of limitations prescribed by Code of Civil Procedure, section 340, and that the court had no jurisdiction over the person of the demurring defendant.

Said demurrer was sustained without leave to amend. On July 22, 1966, a formal order sustaining the demurrer and a judgment of dismissal in favor of defendant Lick Fish & Poultry, Inc. was entered. The court therein stated that the demurrer was sustained without leave to amend "upon the grounds that the fictitious name defendants, including Doe I, were previously dismissed from the action at the pretrial conference held . . . on July 19, 1965, that no notice of the motion filed by plaintiff on October 20, 1965, for an order to modify the pretrial order and permit an amendment to the complaint was given to Lick Fish & Poultry, Inc., a corporation, sued as Doe I, that notice of the motion to vacate the dismissal of the fictitious name defendants was required under Code of Civil Procedure Section 473 to be given to Lick Fish & Poultry, Inc., which plaintiff endeavored to sue as Doe I, and finally, that the complaint and each and every amendment to said complaint do not state facts sufficient to constitute a cause

of action against Lick Fish & Poultry, Inc., a corporation, in that said complaint is barred by the statute of limitations, pursuant to the provisions of Code of Civil Procedure Section 340."

Plaintiff appeals from the judgment of dismissal. Although plaintiff also undertook to appeal from the order sustaining the demurrer without leave to amend, the latter order is nonappealable.

Plaintiff contends that the court erred in sustaining defendant Lick's demurrer without leave to amend because (1) the order of November 16, 1965 which amended the pretrial conference order so as to reinstate certain fictitious defendants previously dismissed was entirely proper; (2) plaintiff was not required to notify defendant Lick of the motion to amend the pretrial conference order and complaint so as to substitute Lick in place of one of the fictitious defendants; and (3) plaintiff's cause of action against defendant Lick was not barred by the statute of limitations.

We take these contentions in order.     We agree that the amending of the pretrial conference order was proper. In *Santa Catalina Island Co.* v. *Superior Court* (1967) 248 Cal. App.2d 729 [56 Cal.Rptr. 876], the pretrial conference order dismissed all fictitious defendants named in the complaint. Over six months later said order was amended, by stipulation between the plaintiff and the named defendants, so as to reinstate Doe I and Doe II. Santa Catalina Island Company was then served with summons and complaint as a Doe defendant, appeared specially to quash service for lack of jurisdiction and, upon the denial of this motion, sought a writ of mandate. The appellate court, in denying the writ, held that since the dismissal of the fictitious defendants had been accomplished as part of pretrial conference procedure and not by plaintiff's independent written request, said dismissal did not become final when plaintiff failed within six months to move to set it aside under Code of Civil Procedure, section 473. To the contrary, plaintiff's remedy was provided by Code of Civil Procedure, section 576, which expressly authorized "Any judge, at any time before or after commencement of trial, in the furtherance of justice . . . [to] allow the amendment of any . . . pretrial conference order." (Pp. 730-731.) The court held that this section clearly authorized the order reinstating Does I and II.

Defendant Lick makes some attempt to distinguish the *Santa Catalina* case on the ground that the plaintiff and the named defendants therein stipulated to the amendment rein-

stating the fictitious defendants. This is obviously a distinction without a difference, since it is apparent that a stipulation between the parties already before the court could in no sense be deemed binding upon the *Santa Catalina Island Company,* which was not served and brought into the action until after the pretrial conference order had been amended. In any event, Code of Civil Procedure, section 576, authorizes amendment of the pretrial conference order ''in the furtherance of justice'' and certainly contains no requirement that all parties to the action agree to such amendment. In the instant case, the attorney's affidavit filed in support of plaintiff's motion to amend the pretrial conference order shows that when plaintiff's counsel appeared at the pretrial conference, he expressed his concern over the possibility of having named the wrong employer-defendant in the complaint and reserved the right to depose Excelsior on this question. It is thus inferable that the provision dismissing all fictitious defendants was, as plaintiff now suggests, a ''usual'' one which was included in the pretrial conference order through the oversight of the attorneys and the apparent inadvertence of the pretrial judge.

Plaintiff is correct in contending that she was under no duty to notify defendant Lick of her motion to amend the pretrial conference order and her complaint so as to substitute Lick in place of one of the fictitious defendants.

Code of Civil Procedure, section 474, provides in part that ''When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; provided, that no default or default judgment shall be entered against a defendant so designated, unless it appears that the copy of the summons or other process, or, if there be no summons or process, the copy of the first pleading or notice served upon such defendant bore on the face thereof a notice stating in substance: 'To the person served: You are hereby served in the within action (or proceedings) as (or on behalf of) the person sued under the fictitious name of (designating it).' The certificate or affidavit of service must state the fictitious name under which such defendant was served and the fact that notice of identity was given by endorsement upon the document served as required by this section. . . .''

This statute is devoid of any requirement that the person to

be substituted in place of a fictitious defendant be given notice of the plaintiff's motion to so amend the complaint. To the contrary, the language of the statute suggests that the person to be substituted for a fictitious defendant becomes a party to the action only when he is served with process and that his rights are adequately protected by the provisions prohibiting the entry of a default judgment in the absence of a showing that he has been served with notice of his designation as a defendant.

The cases construing the fictitious defendant statute likewise indicate that an individual substituted for a fictitious defendant does not become a ''party'' to the action, nor acquire any of the rights of a ''party,'' until such time as he has actually been brought into the action in place of the fictitious defendant. Thus, the courts have stated that it is a plaintiff's, rather than a defendant's, privilege to designate whom he intends to sue and that a person not named as a party to the suit and not served as one of those sued by fictitious names has no right to appear in the action, against the plaintiff's wishes, on the gratuitous assumption that he is one of the persons intended to be sued. (*Liera* v. *Los Angeles Finance Co.* (1950) 99 Cal.App.2d 254, 257 [221 P.2d 737]; *Mercantile Trust Co.* v. *Stockton etc. Co.* (1919) 44 Cal.App. 558, 560-561 [186 P. 1049].) In our opinion, an individual possessing no right to appear in the action as a party would likewise possess no right to be notified of the various motions pending in the action even though such motions might constitute the preliminary legal steps which the plaintiff was required to take in order to make the particular individual a party defendant. Stated differently, the plaintiff in the instant case could not serve defendant Lick and bring it into the action until after she had first obtained an order reinstating the fictitious defendants previously dismissed and had then amended her complaint so as to substitute Lick in place of a fictitious defendant. Until she had done so and had served Lick with process, Lick was clearly not a party to the action, and there would accordingly appear to be no basis for requiring that Lick be given notice of the various motions made in the action.

Although plaintiff has cited no case directly so holding, it seems apparent from a reading of the facts set forth in *Santa Catalina Island Co.* v. *Superior Court, supra,* that no notice of plaintiff's motion to reinstate Does I and II was given to the *Santa Catalina Island Company* and that it was in no sense

treated as a party to the action until after it had been served with summons and complaint as a Doe defendant.[1]

In *Day* v. *Western Loan & Bldg. Co.* (1940) 42 Cal.App.2d 226 [108 P.2d 702], plaintiff-respondent applied for and obtained permission to file a second amended complaint which substituted defendant-appellant in place of a Doe defendant. The appellate court noted that "No notice of this motion was given to appellant, it not having, on that date, appeared in the action." (P. 229.)

Defendant Lick has cited only one case in support of its contention that it was entitled to notice of plaintiff's motion to amend the pretrial conference order and complaint so as to substitute it in place of a fictitious defendant. However, the case relied upon, *McDonald* v. *Severy* (1936) 6 Cal.2d 629 [59 P.2d 98], is readily distinguishable from the instant case. Thus, in *McDonald,* a dismissal with prejudice was entered in favor of appellant Electrotone Corporation of America, Ltd., which was a *named* defendant, although it had not been served and had not appeared in the action. The plaintiff subsequently moved to vacate the dismissal, giving no notice to appellant corporation, and the court granted the motion. On appeal, the order vacating the dismissal was reversed, with the appellate court holding that since appellant corporation was joined in the action as a named defendant and the dismissal with prejudice operated as a judgment in its favor, it was clearly entitled to notice of the motion to vacate said judgment.

In the instant case, unlike *McDonald,* Lick was not a named defendant at the time plaintiff moved to amend the pretrial conference order and complaint, and there was certainly no judgment in its favor. Under such circumstances, logic compels the conclusion that Lick was not a party to the action in any sense of the word and was not entitled to notice of plaintiff's motion.

The question remaining is whether the court was correct in concluding that plaintiff's cause of action against defendant Lick was barred by the one-year period of limitations prescribed by Code of Civil Procedure, section 340, subdivision 3. Plaintiff, who contends that it was not, relies upon the

---

[1] Although the trial court in the instant case indicated in the order sustaining defendant Lick's demurrer that notice was required by Code of Civil Procedure, section 473, the *Santa Catalina* case clearly establishes, as above noted, that a motion to amend a pretrial conference order is governed by Code of Civil Procedure, section 576, and not Code of Civil Procedure, section 473.

general rule that where an earlier pleading sets forth or attempts to set forth a cause of action against a fictitious defendant whose true name is subsequently discovered and substituted by amendment, such defendant will be considered a party to the action, for purposes of the statute of limitations, from the date the earlier pleading was filed. Plaintiff asserts that the amendment to her complaint filed on October 17, 1963, within one year of the date of her accident, was a sufficient attempt to state a cause of action against the three Doe defendants in their capacity as defendant Sesto's employer. Defendant Lick, on the other hand, concedes that plaintiff has correctly stated the law but denies that the amendment in question was a sufficient attempt to charge the fictitious defendants with liability on any theory.

In *Day* v. *Western Loan & Bldg. Co., supra,* plaintiff sought to recover damages for personal injuries sustained in an automobile accident. His earlier pleadings named as defendants the driver and owner of the car which struck him and, in addition, certain fictitious defendants who were allegedly joined " 'for the reason that [plaintiff] does not know their true names and if it so develops that they or any of them and not [the named defendants] was the owner of said automobile and controlled same at the time said injuries were sustained that plaintiff may when the true names of said defendants be ascertained insert said true names in his Complaint with apt and proper words to charge said defendants.' " (P. 228.) After the statute of limitations had run, plaintiff was permitted to file a second amended complaint which substituted appellant in place of one of the fictitious defendants. Although appellant thereafter moved to strike this pleading and also demurred to the complaint, urging the bar of the statute of limitations, the trial court denied the motion to strike and overruled the demurrer and both rulings were upheld on appeal.

The *Day* case held that the mere allegation that a fictitious defendant "controlled" an automobile was sufficient to imply that the plaintiff was seeking to invoke the doctrine of respondeat superior against said defendant in its capacity as the employer of the driver. In the instant case, plaintiff's amendment of October 17, 1963, made it far clearer that she intended to invoke this doctrine against the fictitious defendants, since she expressly alleged that said defendants were joined against the possibility that "they or any of them was the employer, or an employer, of Luigi Sesto" on the date of the accident. Since this language obviously constituted a sufficient

attempt to state a cause of action against the fictitious defendants and since defendant Lick was properly substituted in place of one of said defendants, Lick became a party to the action, for purposes of the statute of limitations, on October 17, 1963. It follows that plaintiff's cause of action against Lick was not barred by Code of Civil Procedure, section 340, subdivision 3.

For the reasons above stated, the purported appeal from the order sustaining the demurrer without leave to amend is dismissed, and the judgment of dismissal is reversed. Appellant to recover costs on appeal.

Agee, J., and Taylor, J., concurred.