Filed 8/12/22  Camacho v. Smithson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROSALIE CAMACHO et al., Plaintiffs and Appellants, v. JAMES SMITHSON et al., Defendants and Respondents. | D078434 (Super. Ct. No. 37-2018-00041855-CU-MM-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy Casserly, Judge.  Affirmed.

Thorsnes Bartolotta McGuire, Kevin F. Quinn; Singleton Schreiber, Benjamin I. Siminou, Alicia M. Zimmerman, and J. Domenic Martini, for Plaintiffs and Appellants.

Cole Pedroza, Kenneth R. Pedroza, Alysia B. Carroll; Peabody & Buccini, Thomas M. Peabody, and Natalie J. Buccini, for Defendant and Respondent Scott M. Boles.

INTRODUCTION

Ramon Camacho died from a ruptured aortic dissection four days after he was released from Sharp Memorial Hospital's Emergency Department.

Surviving family members (collectively, Plaintiffs) sued the hospital, medical group, the emergency room doctor, and Does 1 through 50 for medical negligence and wrongful death.

The parties stipulated at a case management conference to dismiss the Doe defendants. Less than a month later, Sharp Memorial Hospital (Sharp) notified Plaintiffs its radiologist identified aortic dilation on Camacho's CT scan. Shortly thereafter, Plaintiffs filed a motion to amend the complaint to add Dr. Scott M. Boles, the radiologist who reviewed Camacho's CT scan while he was in the emergency department. Boles filed a motion for summary judgment, contending he lacked liability, the statute of limitations barred the action, and the relation-back doctrine did not apply because he was not substituted in for a Doe defendant, as required by Code of Civil Procedure[1] section 474.

The court concluded there were material facts in dispute regarding liability, but it granted the motion and entered judgment in Boles's favor because it concluded the procedural requirements of section 474 had not been met, and the statute of limitations barred the action. Plaintiffs appeal, arguing they met the procedural requirements of section 474 because they were "genuinely ignorant" of Boles's identity. (See *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 942-945; *General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 593-596.) They also contend the court abused its

_____

[1] Statutory references are to the Code of Civil Procedure unless otherwise specified.

2

discretion by failing to amend the case management conference order dismissing the Doe defendants so that it could substitute in Boles for a Doe defendant.

We conclude the court did not abuse its discretion because Plaintiffs never asked the court to amend the case management conference order dismissing the Doe defendants. Because there were no Doe defendants to replace when Plaintiffs filed the amended complaint naming Boles, Plaintiffs failed to comply with section 474, and the relation-back doctrine is inapplicable. We further conclude the statute of limitations bars the case from proceeding against Boles. Because this conclusion is dispositive, we do not separately evaluate whether Plaintiffs met their burden of demonstrating "genuine ignorance" regarding Boles. We will affirm the judgment.

## BACKGROUND AND PROCEDURAL FACTS

Camacho visited the Sharp Emergency Department on June 1, 2017, complaining of pain to his flank. Treating physician Dr. James Smithson identified "aortic pathology such as an aneurysm" as one possible cause of pain and ordered a CT scan of Camacho's abdomen.

Boles reviewed the CT scan. His report did not identify any aortic pathologies.

Smithson discharged Camacho with instructions to follow up with his primary care physician, and Camacho died four days later from an aortic aneurism.

Camacho's surviving family members retained counsel, who issued a 90-day notice of intent to sue to Boles (§ 364).

Plaintiffs retained board-certified radiologist Dr. Fergus Coakley to review the CT scan and determine whether Boles should have detected anything to report to the emergency room doctor consistent with "aortic

3

pathology such as aneurism." Coakley informed Plaintiffs' counsel he did not see any lapses in Dr. Boles's standard of care because he did not see "any findings consistent with 'aortic pathology.' "

On August 20, 2018, Plaintiffs filed a medical negligence and wrongful death suit naming Smithson, Sharp, Sharp Community Medical Group, and Does 1 through 50. The complaint alleged the defendants "negligently and carelessly examined, diagnosed, monitored, cared for, and treated" Camacho, causing his death.

On May 10, 2019, the parties participated in a case management conference. They stipulated that no new parties may be added without leave of court, and that "all unserved, non-appearing and fictitiously named parties are dismissed forthwith."

On or about May 30, 2019, Sharp notified Plaintiffs' counsel that "its board-certified radiology expert had identified aortic dilation (enlarged aorta), indicative of aortic pathology, on Mr. Camacho's CT scan."

On June 20, 2019, Plaintiffs sought leave to file an amended complaint naming Boles as a defendant in the "furtherance of justice," citing section 473. Plaintiffs' counsel's declaration explained Boles had been omitted from the original complaint in reliance on Coakley's expert opinion, and they only became aware of Boles's liability through Sharp's expert. Defendants did not oppose the motion.

The trial court granted leave to amend, and Plaintiffs filed an amended complaint adding Boles and San Diego Diagnostic Radiology Medical Group, Inc. (San Diego Imaging)[2] as named defendants. The amended complaint lists Boles as a defendant and adds paragraphs to the factual background section detailing Plaintiffs' investigation into possible claims against Boles.

_____

[2] San Diego Imaging is not a party to the appeal.

4

On February 20, 2020, Boles filed a motion for summary judgment, or in the alternative, summary adjudication, challenging the timeliness and merits of the claims against him. He argued, among other things, that Plaintiffs did not meet the requirements of section 474 because Plaintiffs were aware of potential negligence in 2017, and because Doe defendants had been dismissed before Boles was added to the suit. Plaintiffs responded that the amended complaint related back to the initial complaint.

At the hearing on the motion for summary judgment, Plaintiffs acknowledged the Doe defendants were dismissed before they filed the amended complaint and so they "did not substitute a Doe the way that the statute intends." Plaintiffs argued they had been diligent in adding Boles once they knew they had a cause of action against him, and they explained "it falls within the Court's discretion to grant amendment in these circumstances when, in just a very short period after Does were dismissed, plaintiffs discovered information, promptly moved on that information, and pled a proper relation back in their first amended complaint."

The trial court granted the motion for summary judgment on September 8, 2020. In its written order, the court explained that triable issues of material fact existed regarding whether Boles had violated the applicable standard of care. However, because "Plaintiffs were aware of Doctor Boles['s] involvement in the medical service provided to the Decedent but chose not to sue Doctor Boles based upon information that they now believe to be incorrect. . . . [S]ufficient prima facie evidence has been produced to establish that Plaintiffs were aware enough of Doctor Boles that the statute of limitations was triggered as to him by July 2017." It also concluded that "there were no remaining fictitious 'doe' defendants to relate back to" because the trial court had dismissed "all unserved, non-appearing

5

and fictitiously named parties" before the court granted leave to amend the complaint. Because the claims against Boles could not relate back to nonexistent Doe defendants, the court concluded those claims were barred by the statute of limitations. The court entered judgment for Boles.

Plaintiffs timely appealed.

## DISCUSSION

Plaintiffs acknowledge that to invoke section 474, a plaintiff should file an amended complaint substituting the new defendant for a Doe defendant named in the original complaint. They ask us to find their noncompliance with that procedural requirement to be curable, and they argue the lack of compliance did not justify the grant of summary judgment in Boles's favor.

We review summary judgment de novo. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60.) We review discretionary orders for an abuse of discretion. (*Weingarten v. Block* (1980) 102 Cal.App.3d 129, 134 [addressing orders made under §§ 473 and 576]; *Vedder v. Superior Court of Lassen County* (1967) 254 Cal.App.2d 627, 629 [addressing requests to amend pleadings].)

"The general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." (*Woo v. Superior* Court (1999) 75 cCal.App.4th 169, 176 (*Woo*).) Section 474 provides an exception to this rule by allowing a new defendant to be substituted for a fictitious Doe defendant. (*Ibid.*) If the requirements of section 474 are met, the amended complaint is deemed filed as of the date the original complaint was filed. (*Ibid.*) Section 474 states in relevant part, "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any

6

name, and when his true name is discovered, the pleading or proceeding must be amended accordingly." Thus, to comply with section 474, "the new defendant in an amended complaint must be substituted for an existing fictitious Doe defendant . . . ." (*Woo,* at p. 176.)

Here, the court's case management conference order dismissing Doe defendants complied with Government Code section 68616, subdivision (h) because the parties stipulated to the dismissal. The case management conference order "controls the subsequent course of the action or proceeding unless it is modified by a subsequent order." (Cal. Rules of Court, rule 3.730.) Thus, absent a request to modify the case management conference order, the dismissal of the fictitious defendants governs in this case.

The Plaintiffs do not argue there was error in dismissing the Doe defendants following the case management conference. And they acknowledge they never expressly sought modification of that order. They recognize that once the fictitious defendants are dismissed as part of a pretrial conference order, to add a new defendant, a plaintiff first must seek modification of the pretrial order. Then, once the order has been modified to allow reinstatement of Doe defendants, a plaintiff should follow the procedure outlined in section 474, substituting a named defendant for a Doe defendant. (*Gilmore v. Lick Fish & Poultry, Inc.* (1968) 265 Cal.App.2d 106, 110-112 (*Gilmore*).)

But Plaintiffs contend Code of Civil Procedure section 576 authorized the court to amend the pretrial conference order dismissing Doe defendants in the furtherance of justice (See *Gonzales v. Brennan* (1965) 238 Cal.App.2d 69, 74-75), and the court failed to exercise that discretion. Notably, Plaintiffs did not seek leave of court to substitute Boles for a Doe defendant in their request to amend the complaint. In the amended complaint, they did not

7

allege that Boles was among the Doe defendants named in the original complaint. Instead, when they sought leave to amend their complaint, Plaintiffs cited section 473 which gives the court authority, "in furtherance of justice" to "allow a party to amend any pleading by adding or striking out the name of any party, . . . " The court granted this request.

The resulting amended complaint named Boles, as well as "Does 1 through 50," even though all Doe defendants had previously been dismissed by stipulation and order. It did not substitute Boles for a Doe defendant; it included the same number of Doe defendants as the original complaint had. It added three paragraphs alleging the role Boles played, how Plaintiffs had "diligently pursued a potential claim against," but "were reasonably and objectively unaware that any wrongdoing on Dr. Boles's part caused Plaintiffs any harm."

As Plaintiffs themselves recognized at the hearing on the motion for summary judgment, they "did not substitute a Doe the way that statute [section 474] intends." Although Plaintiffs claim they "invoked [the] spirit [of section 576] at the hearing on Boles's motion for summary judgment," Plaintiffs did not ask the court to amend the case management conference order. (See § 576.) It was only after the newly-named defendants argued their inclusion in the suit was untimely that Plaintiffs contended the relation-back doctrine applied because the new defendants were really substitutions for Doe defendants.

We recognize that "the courts of this state have considered noncompliance with the party substitution requirements of section 474 as a procedural defect that could be cured and have been lenient in permitting rectification of the defect." (*Woo, supra,* 75 Cal.App.4th at p. 177.) However, this case is distinguishable from other situations where such corrections to

8

procedural defects have been permitted.  In *Woo*, the plaintiffs failed to allege the defendant was one substituted for a fictitious Doe defendant named in the original complaint, but Doe defendants were included in the complaint. (*Ibid.*)  In *Gilmore*, after a pretrial conference order dismissed fictitious defendants, the plaintiff moved for an order reinstating certain of them and for permission to amend the complaint to substitute a named defendant in place of Doe I. (*Gilmore, supra,* 265 Cal.App.2d at p. 108.)  And in *Santa Catalina Island Co. v. Superior Court of Riverside County* (1967) 248 Cal.App.2d 729, 730, after a pretrial conference order dismissed all fictitious parties, the parties stipulated to amend that order to reinstate two Doe defendants.  The modification of the pretrial order allowed the plaintiffs to substitute named defendants for the fictitious ones.  (*Ibid.*)

In contrast, here, Plaintiffs never requested a modification to the case management conference order to reinstate any Doe defendants for substitution.  Their motion to amend the complaint did not make that request.  And they did not make that request in written response to the motion for summary judgment.  While they argued during the hearing on the motion for summary judgment that "amendment . . . is a discretionary allowance under this Court's power," they "promptly moved to amend" the complaint to add Boles, and they "pled a proper relation back in their first amended complaint," the amended complaint did not ask to substitute Boles for a Doe defendant.[3]  In short, not only "did [they] not substitute a Doe the

---

[3]    Plaintiffs argued delayed discovery justified the late addition of Boles. Their motion to amend the complaint identified section 473, which deals with adding new parties.  They argued the discovery rule to delay accrual of the cause of action applied, citing *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807-808, a case which focuses on statutes of limitations, not section 474 and the relation-back doctrine.

9

way that the statute intends," as they recognized at the summary judgment hearing, but they never asked the court to exercise its discretion to amend the pretrial order at all. We cannot say the court abused this discretion when it was never called upon to apply it.

Because "the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed," (*Woo*, *supra*, 75 Cal.App.4th at p. 176), by the time Boles was added to the complaint, the statute of limitations barred the action. (See § 340.5 [statute of limitations set at one year after plaintiff "through the use of reasonable diligence should have discovered, the injury"].) Accordingly, the court properly granted the motion for summary judgment and entered judgment in favor of Boles.

DISPOSITION

The judgment is affirmed. Parties to bear their own costs.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

DO, J.

10